**Flora C. WALDEN, Individually and as Administratrix of the Estate of Barbara Lane Walden, Deceased, Plaintiff/Appellant,**

v.

**Alvin C. WYLIE, Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Sept. 30, 1982.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 24, 1983.

Max D. Lucas, Jr. and Larry Chinn, of Kirkpatrick, Lucas & Kirkpatrick, Memphis, for plaintiff/appellant.

Fred P. Wilson, of Wilson, McRae, Ivy, Sevier, McTyier & Strain, Memphis, for defendant/appellee.

WHITENTON, Special Judge.

This case is a wrongful death action arising out of an automobile collision. On July 2, 1971, Barbara Lane Walden, now deceased, the daughter of the plaintiff, Flora C. Walden, was driving on Interstate 255 in Memphis, when her 1971 Toyota automobile was struck from the rear by the 1970 Lincoln car operated by the defendant, Alvin C. Wylie. The collision resulted in the eventual death of Barbara Walden.

The lawsuit was originally filed in 1972, but a voluntary non-suit was taken in 1973 and the case was later re-filed. The trial began on December 8, 1980, and concluded on December 11, 1980, with the jury returning a verdict for the defendant, Mr. Wylie. A motion for a new trial was denied.

On appeal, the plaintiff has assigned numerous errors. We turn first to the denial by the Trial Court on three separate occasions of the plaintiff's motion for leave to file an amended complaint alleging that the defendant was operating his vehicle under the influence of drugs at the time of the accident.

In the Order entered on May 7, 1980, the Trial Judge stated, in denying the motion for a third time:

> This lawsuit was originally filed in 1972. It came on for trial in 1973 at which time the plaintiff took a voluntary nonsuit and shortly thereafter refiled the case. It has been set for trial numerous times and continued for various reasons.
>
> The records of the defendant's physician were examined by plaintiff's counsel in January of 1973.

It was not until January 22, 1980, the date this case was last set for trial, that the plaintiff's counsel sought the Court's permission to amend its Complaint to allege additional acts of negligence by the defendant. This is the third motion of the plaintiff to amend on similar grounds, the Court having denied the motion on two previous occasions. At the time of the hearing of this motion the cause was not set for trial. The Court is well aware of this case and finds that the conduct of counsel for the plaintiff has been such that the Court exercises its discretion to deny the motion even though the Court is aware that the Tennessee Rules of Civil Procedure provide that permission to amend should be freely given, even during the trial of a cause.

On the first day of the trial in December, 1980, the following colloquy between the Trial Judge and the attorneys was placed in the Record:

MR. WILSON: I don't believe I need to remind the Court of the history of this case. But I will remind the Court about, perhaps what's the most recent development in the lawsuit. And it bears perhaps, upon what I have to say to the Court at this time.

The Court, I believe, will recall, that at the time of the last setting in January of this year, Mr. Lucas on the day of trial sought to amend his Complaint to allege that my client was operating his vehicle under the influence of a drug. The Court denied that Motion and continued the case at that time. Now, several months later by Motion, by written Motion, and notice to me, the Plaintiffs again sought to amend on the same grounds. The Court again denied the Motion and an Order was entered stating the Court's position with regard to that Motion. In other words, the Court stated that they could not amend to allege that my client was driving the vehicle at the time of the accident under the influence of a drug.

Now, since then Answers to Interrogatories have been filed by Plaintiff's counsel, in which they list certain expert witnesses that they might call in this case.

And ... one of the expert witnesses, Doctor David Knott, is expected to testify on the effect of various drugs upon the human body and at the rate certain drugs are metabolized. And Doctor Stafford is expected to testify as to the effect of various drugs and alcohol upon the human body and various testing factors. Furthermore, Doctor Knott is expected to testify that Valium taken as prescribed by Doctor Ijams for the Defendant Wylie, could cause such effect upon Mr. Wylie that it would be dangerous for him to operate an automobile while under the influence of Valium.

Now, I state to the Court that in view of the Court's previous rulings on three occasions with regard to such allegation, that the Plaintiff should not be permitted to raise any question about whether or not Mr. Wylie was taking Valium as prescribed by Doctor Ijams for him. Nor should they be permitted to introduce such a witness as these experts to testify about the effect of Valium upon the human body. . . .

So my point is with regard to both Doctor Knott and Doctor Stafford and with regard to any questions of any lay witnesses, any introduction of any proof with regard to Mr. Wylie would be completely contrary to the Court's rulings on three separate occasions about the Plaintiff not being permitted to raise such an issue. . . .

THE COURT: ... The Court wants to state generally that I had previously ruled that this new aspect of Valium and the effect of drugs on the Defendant, I wouldn't let the Amendment and I, of course, wouldn't let the proof in support thereof, and no expert or layman will testify about Valium in the matter. And you may note your exception.

In *Branch v. Warren*, 527 S.W.2d 89 (Tenn., 1975), Mr. Justice Henry cogently observes:

The policy of our law has long favored amendments. Section 198, *Caruthers' History of a Lawsuit,* Eighth Edition (1963) reads, in pertinent part as follows:

Under the very liberal rules allowing amendments, the court may admit material amendments at any stage of the proceedings. The Supreme Court of Tennessee has said: "It is a downright violation of principles, and of good sense, to determine any case otherwise than on its merits, and it is a great imputation upon judges that so many statutes of jeofails have been needful to place common sense upon her native seat, from which she has been driven by technicalities."

The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. *This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge.* Indeed, the statute (§ 20–1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. *That rule needs no construction; it means precisely what it says, that "leave shall be freely given."* (At pages 91 and 92) (Emphasis Supplied).

Judge Lewis, in *Merriman v. Smith,* 599 S.W.2d 548 (Tenn.App.1979, M.S.) says:

*Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479 (6th Cir.1973), although it discusses the Federal Rules of Civil Procedure, Rule 15, sets out some of the broad and legitimate factors a trial judge should weigh in considering a Motion to Amend: Undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. (At page 559).

See also: *Ferro Corp. v. Aviation Ins. Managers, Inc.,* 62 Tenn.App. 339, 462 S.W.2d 523 (1970); *Street v. Calvert,* 541 S.W.2d 576 (Tenn.1976); *Diversified Equi-* *ties, Inc. v. Warren,* 567 S.W.2d 171 (Tenn. App.1976); and *Maxwell v. Land Developers, Inc.,* 485 S.W.2d 869 (Tenn.App.1972).

We are constrained to hold that the action of the learned Trial Judge in denying the plaintiff's motion to amend on three occasions from January, 1980, until May, 1980, especially since the case was not actually tried until December, 1980, was error. We appreciate the problems and delays that the Trial Court has experienced with this case, but when the trial was continued for almost seven months after the last order denying the amendment was entered, we find that the granting of the amendment had become mandatory. Rule 15 of our Rules of Civil Procedure clearly recognizes that liberality in the granting of amendments is a necessary part of a system in which pleadings serve primarily a notice-giving function. Obviously, any such broad statement must be modified by a requirement that the amendment establish a valid and relevant claim or defense, and a judge must also consider any dilatory tactics or negligence on the part of the party proposing an amendment. See *Craven v. Lawson,* 534 S.W.2d 653 (Tenn., 1976). The Rules and our case law also make provisions for continuances if the other party has been prejudiced by an amendment. When a judge allows a party to amend at or near the trial date, then the other party must be granted sufficient time to properly prepare for any new issues presented by the amendment.

In the case before us, the discretion that the learned Trial Judge exercised in denying the amendment at the time the lawsuit was originally scheduled for trial in January, 1980, vanished when the case was continued and not tried until some eleven months later. The amendment should have been granted on one of the other two occasions when it was presented to the Court.

■ We further find that the Trial Court was in error in admitting the testimony of Officer C.C. Clenney of the Memphis Police Department as to how the accident occurred. Although Officer Clenney did not observe the collision between the vehicles,

he was permitted to express an opinion as to how the accident happened, as follows:

Our investigation reveals the 1971 Toyota driven by Barbara Walden attempted to change lanes and, as a result, caused the accident. These findings are based on physical evidence consisting of skid marks of both vehicles which indicate the 1971 Toyota attempted to change lanes from the extreme left lane to the center lane.

 In Tennessee, "As a general proposition, the ordinary witness must confine his testimony to a narration of facts based on firsthand knowledge and avoid stating mere personal opinions." Paine, *Tennessee Law of Evidence* (1974); *Knights of Pythias v. Allen,* 104 Tenn. 623, 58 S.W. 241 (1900); *Cumberland Telephone and Telegraph Company v. Dooley,* 110 Tenn. 104, 72 S.W. 457 (1903). While Officer Clenney's experience in investigating accidents for the Memphis Police Department was mentioned, there was not a sufficient effort made to qualify him as an accident reconstruction expert. He was not questioned about his educational background or about his knowledge of physics or other sciences bearing on the reconstruction of traffic accidents.

Officer Clenney should not have been permitted to testify to the conclusions drawn from the physical facts found at the scene of the collision unless he had been properly qualified as an expert.

 Finally, there was error in permitting Esther Mullen to testify as to deathbed statements made by her daughter, Linda Mullens, regarding how the accident occurred. The Trial Judge correctly ruled that the statements were not allowable in Tennessee as a dying declaration, as an excited utterance or a spontaneous exclamation, or as a declaration against interest. However, the Trial Judge ruled that the statements were admissable under Rule 804(b)(5) of the Federal Rules of Evidence. This Federal rule is apparently designed to allow into evidence out of Court statements that do not concisely fit into one of the recognized hearsay exception categories. Rule 804(b)(5) provides that trustworthy ev-

idence that does not comply with any recognized hearsay exception may be admitted solely upon the basis of its trustworthiness and probative value. This Federal Rule of Evidence has not been adopted by the Tennessee Supreme Court, and the statements should have been excluded.

In view of the decision rendered, we will not discuss the other errors assigned since the issues at the trial on remand may be different.

Therefore, the judgment of the Trial Court is reversed and the case is remanded to the Circuit Court of Shelby County for a new trial. The costs of this appeal are taxed against the defendant, for which execution may issue, if necessary. The plaintiff is allowed fifteen (15) days from the date of the filing of this Court's mandate with the Circuit Court Clerk in which to file any appropriate amendment to her complaint. The costs below will await the outcome of the new trial.

NEARN and TOMLIN, JJ., concur.