**W. Hermsworth GARDINER,**
**Plaintiff-Appellee,**

v.

**Jerry L. WORD and Alberta McLemore,**
**Defendants-Appellants.**

Supreme Court of Tennessee,
at Nashville.

May 26, 1987.

William D. Leader, Jr., Nashville, for plaintiff-appellee.

Vernon G. Bush, Edward F. Bell, Nashville, for Jerry L. Word.

Richard H. Dinkins, Nashville, for Alberta McLemore.

## OPINION

BROCK, Chief Justice.

The key issue in this case is whether the trial court abused its discretion when it refused to allow the defendants, appellants in this court, to amend their answers unless they posted a $20,000.00 bond. The Court of Appeals, Judge Koch dissenting, upheld the action of the trial court in so conditioning the amendment.

This case grew out of a three-year lease of office space in a medical complex by the plaintiff to the defendants, Jerry L. Word and Alberta McLemore, on May 1, 1981. On November 1, 1981, the defendants breached the lease when they failed to pay rent due at that time. The plaintiff gave the defendants notice of the breach on December 12, 1981; and on March 2, 1982, took possession of the premises and certain personal property left there by the defendants.

Almost six months later, on August 27, 1982, the plaintiff filed this action seeking compensatory damages for the breach in the amount of $20,000.00 for the lost rent, cost of removal of the defendants' personal property and attorneys' fees. Slightly less than two months later, in October 1982, the defendants, who were represented by the same attorney, filed their separate, but almost identical, answers. The answers consisted of general admissions and denials and asserted no affirmative defenses or counterclaims.

Four months afterwards, after the plaintiff had moved to set the case for trial, the parties agreed to the entry of an order setting the case for trial on May 4, 1983. On that day, however, a second agreed order, prepared by the plaintiff's counsel, was entered continuing the case for trial until June 23, 1983. A later order and other material in the record indicate that this continuance was made at the request of the defendants. Then, on June 13, 1983, only ten days before the trial, the defendants' attorney moved to withdraw as counsel of record upon the request of the defendants. This motion was granted on June 14, 1983.

The exact dates upon which the defendants retained new counsel are not revealed in the record. On June 27, 1983, a third order resetting the trial for August 25, 1983, was entered which was agreed to by counsel for the plaintiff, by defendant Word personally, and by new counsel for defendant McLemore. On August 17, 1983, slightly less than one year since the filing of the complaint and only eight days before trial, Word's new attorney filed a motion to amend his answer by asserting a counterclaim and certain affirmative defenses. On that same day defendant McLemore's new attorney also filed a motion to amend his client's answer by alleging the same affirmative defenses as had Word and by making similar counterclaims against the plaintiff.

After a hearing on these motions on August 18, 1983, the trial court held that the defendants would only be allowed to amend their answers and receive a continuance if they posted a sufficient cash or surety bond in the amount of $20,000.00 to be used to satisfy any judgment in the case against either or both of the defendants by the close of business on August 24, 1983. If the bond was not posted, the trial would begin as scheduled on August 25. The order contained an additional condition that the bond must be satisfactory to the Clerk and Master.

The defendants attempted to file a surety bond but it was unacceptable to the

Clerk and Master. On August 25, 1983, the trial court entered an agreed order providing that, if the defendants did not file the required bond by September 21, 1983, a default judgment would be entered against them for $20,000.00 plus a reasonable attorneys' fee. The defendants again experienced difficulty in securing the bond; and on September 21, 1983, McLemore moved for a ten day extension during which she might secure and file her portion of the bond. No bond was filed with the Clerk and Master on September 21, 1983; and on September 22, 1983, the plaintiff moved for a default judgment pursuant to the agreed order of August 25. Shortly thereafter, on that same day, defendant Word filed a bond in the entire amount of $20,000.00 with the Clerk and Master.

On September 28, 1983, the trial court entered an order granting the plaintiff a default judgment against the defendants for $20,000.00, reserving the determination of reasonable attorneys' fees and releasing the bond tendered on September 22, 1983. The defendants unsuccessfully sought post-judgment relief by various motions, which were denied in an order of October 27, 1983.

Under the provisions of Rule 15.01, T.R. C.P., at the time the defendants sought to amend their answers they could do so "only by written consent of the adverse party or by leave of court." The rule further provides that such "leave shall be freely given when justice so requires."

In *Branch v. Warren*, 527 S.W.2d 89 (Tenn.1975), this Court emphasized the liberality of this rule where pre-trial amendments are sought and noted that Rule 15.01 substantially lessened the exercise of pre-trial discretion on the part of the trial judge. Rule 15, this Court continued, "needs no construction, it means precisely what it says, that 'leave shall be freely given.'" 527 S.W.2d at 92. Cases since *Branch v. Warren* have emphasized the liberality with which trial courts should approach the question of whether a pretrial motion to amend should be granted. *See,*

*e.g., Craven v. Lawson,* 534 S.W.2d 653, 655 (Tenn.1976); *Walden v. Wylie,* 645 S.W.2d 247, 250 (Tenn.App.1982); *Douglass v. Rowland,* 540 S.W.2d 252, 256 (Tenn. App.1976); *see also Merriman v. Smith,* 599 S.W.2d 548, 559 (Tenn.App.1979); *cf. Liberty Mutual Insurance Co. v. Taylor,* 590 S.W.2d 920, 921 (Tenn.1979).

There have been no prior Tennessee cases on the question of whether Rule 15.-01 allows for conditions to be placed on the granting of an amendment as was done in this case. The Rule itself unlike Rule 15.04 does not expressly provide for a conditional grant. The federal courts have interpreted Rule 15(a), F.R.C.P., which is identical to our Rule 15.01, to allow conditional amendments in order to give effect to the liberal policies of Rule 15(a) while mitigating any prejudice that the other party might suffer as a result of granting the amendment. *SFM v. Sundstrand Corp.,* 99 F.R.D. 101 (N.D.Ill.1983); *see also Firchau v. Diamond National Corp.,* 345 F.2d 269, 275 (9th Cir.1965); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 447 (S.D.N.Y.1972); *United States v. United States Trust Co.,* 106 F.R.D. 474, 476 (D.Mass.1985); 6 Wright & Miller, *Federal Practice and Procedure* § 1486 (1971 & Supp.1986); 3 *Moore's Federal Practice* ¶ 15.08[b] (1986). As stated in Wright & Miller, *supra* at p. 424, "If the party opposing the amendment can be protected by the use of conditions from any possible prejudice that might result from the untimeliness of the amendment, there is no justifiable reason for not allowing it." When a condition is unwarranted to prevent prejudice, however, the requirement placed by the trial court will be reversed. *See Local 783, Allied Industrial Workers of America AFL–CIO v. General Electric Co.,* 471 F.2d 751, 756 (6th Cir.1973).

■ In considering whether to grant a motion to amend, a trial court should consider several factors such as undue delay in filing the amendment, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies

by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn.App.1979).

The reasons for the trial court's denial of the motions to amend in this case are not clearly stated in the record. In the initial order in which the court denied the motions, the court indicated that it had considered that there had already been two continuances in the case, each at the request of the defendants; that no prior counterclaims had been asserted; that the plaintiff would be unduly prejudiced in having to defend against the defendants' counterclaims in the short time remaining before trial; and that the defendants had served their original answers in October 1982, with no further leave to amend having been sought, so that their request to file their amended answers was untimely. As the dissent in the Court of Appeals notes, it appears that the trial court primarily based its decision upon the conclusion that the defendants had delayed unreasonably in amending their answers and that the plaintiff would be unduly prejudiced if the amendments were allowed. The present record clearly does not support the other criteria mentioned in *Merriman v. Smith, supra,* such as repeated prior amendments, bad faith, etc.

■ It is the conclusion of this Court that the record also does not support the trial court's finding of undue delay and prejudice. Regarding the timeliness of the amendments, one must note that the motions to amend were filed within one year after the complaint was filed and that only two months earlier the trial court had allowed the defendants' counsel to withdraw from the case shortly before trial. New counsel was soon thereafter retained and had filed the motions within sixty days, not an unreasonable time for new counsel to familiarize themselves with the facts and status of a case already in progress, particularly in light of the fact that it was by then becoming apparent that the defendants themselves, who had previously been represented by the same counsel, may have had cross-claims against one another. Furthermore, in reference to dilatory practices by the defendants in the case generally, it must be noted that the original answers were filed within two months after the complaint was served and that the two prior continuances, while granted at the defendants' insistence, are not shown to have been requested for frivolous reasons. Indeed, the plaintiff had agreed to these postponements.

■ This acquiescence in the two prior delays likewise reflects on the lack of evidence in the record showing prejudice to the plaintiff if the amendments were granted. The plaintiff had delayed for almost ten months after the breach before filing this action. He had been in possession of the leased office space since March 1982, five or six months before filing the action; and there was no evidence that the pendency of this action had interfered in any way with the plaintiff's exercise of ownership. Under these circumstances neither the possibility of the delay occasioned by one further continuance nor the inconvenience of being called to answer the defendants' counterclaims is a sufficient reason for denying the defendants an opportunity to amend their answers. *See Craven v. Lawson, supra,* 534 S.W.2d at 655 (Tenn.1976). The injustice to the defendants by denying them their day in court and the loss of what appear to be compulsory counterclaims far outweighs any prejudice that might be suffered by the plaintiff. *Cf. Hopper v. Davidson County*, 206 Tenn. 393, 333 S.W.2d 917, 919–920 (1960) (holding under the broader discretion granted to the trial court prior to the present Rules that, where the denial of a pretrial motion to amend denies a person his day in court, the action is erroneous.)

■ As noted earlier, conditions may be placed upon the granting of a motion to amend under the liberal policy of the Rule in order to lessen or avoid whatever prejudice might result to the opposing party. Such conditions, however, should bear some relationship to the actual harm suf-

fered by the party. Usually under situations similar to that in the present case, the trial court requires the moving party to post a bond to secure the payment of any costs directly resulting to his adversary from the amendment or a resulting continuance. *See, e.g. Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir.1980); *Pollux Marine Agencies v. Louis Dreyfus Corp.*, 455 F.Supp. 211, 216 (S.D.N.Y.1978); *Sherrell v. Mitchell Aero, Inc.*, 340 F.Supp. 219 (D.Wis.1971); *Thermal Dynamics Corp. v. Union Carbide Corp.*, 42 F.R.D. 607 (D.N.H.1967). None of the facts in the record in this case, however, warranted the trial court's requirement that the defendants post bond in the entire amount sought as damages by the plaintiff. There is no showing that this condition was in any way connected to any prejudice the plaintiff might suffer as a result of the amendment and a related continuance, as for example, might have occurred if the defendants had been shown to have been disposing of assets needed to satisfy a judgment. Even if this condition had been valid, the plaintiff was fully protected on September 22, 1983, when defendant Word filed a surety bond meeting the trial court's requirements.

■ Plaintiff argues that since the defendants agreed to the order entered on August 25, 1983, they may not now attack on appeal the judgment entered pursuant to that order granting the plaintiff a default judgment for the failure to post bond on or before September 21, 1983. The plaintiff characterizes the August 25 order as a consent decree, which cannot be altered or set aside unless entered through fraud or mistake. *See Third National Bank v. Scribner*, 212 Tenn. 400, 370 S.W.2d 482, 486–487 (1963); *Clinchfield Stone Co., Inc. v. Stone*, 36 Tenn.App. 252, 254 S.W.2d 8, 12 (1952); 1 *Gibson's Suits in Chancery* § 619 (5th ed. 1955).

This Court reaffirms the continuing validity of this rule where there is true consent to a compromise. The plaintiff himself points out, however, that the reason for the unassailability of a consent decree is based on the well-founded maxim *volenti non fit injuria* (he who consents to what is done cannot complain of it). Under the particular facts of this case, the element of true consent is missing. As the dissent in the Court of Appeals noted, the defendants' agreement to the default judgment was compelled by the trial court's imposition of the condition upon the defendants of posting a $20,000.00 bond before granting their motions to amend. The invalidity of the condition compelling the agreed order requires that the results of any failure to satisfy this condition must also be set aside. In the absence of sufficient evidence to support the trial court's denial of the motions to amend or the imposition of the condition upon allowing amendment, the default judgment was improperly granted.

The judgment of the Chancery Court of Williamson County is reversed and this cause is remanded for further proceedings. Costs are adjudged against appellee.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.