IN THE COURT OF APPEALS

AT KNOXVILLE

| | |
|---|---|
| BRENDA J. CROWDER, M.D., | ) C/A NO. 03A01-9801-CH-00083 |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| BRENT D. LAING, M.D., | ) INTERLOCUTORY APPEAL FROM THE |
| | ) CARTER COUNTY CHANCERY COURT |
| Defendant-Appellant, | ) PURSUANT TO RULE 9, T.R.A.P. |
| | ) |
| and | ) |
| | ) |
| | ) |
| | ) |
| JOHN D. GREEN, M.D., DAVID | ) |
| DOBYNS, FIRST MEDICAL GROUP, | ) |
| also known as FMG, INC., and | ) |
| HEALTH CARE CONSULTANTS, INC., | ) |
| doing business as HCI, INC., | ) |
| | ) HONORABLE LEWIS W. MAY, JR., |
| Defendants. | ) JUDGE |

| | |
|---|---|
| BRENT D. LAING, M.D., | ) C/A NO. 03A01-9801-CH-00013 |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) CARTER COUNTY CHANCERY COURT |
| | ) |
| | ) |
| BRENDA J. CROWDER, M.D., | ) |
| | ) HONORABLE LEWIS W. MAY, JR., |
| Defendant-Appellee. | ) JUDGE |


For Appellant                          For Appellee

MARK S. DESSAUER                       LOIS B. SHULTS
Hunter, Smith & Davis                  Shults & Shults
Kingsport, Tennessee                   Erwin, Tennessee


O P I N I O N

1

REVERSED AS TO RULE 9 APPEAL
APPEAL AS OF RIGHT DISMISSED AS MOOT
REMANDED                                                    Susano, J.

We granted the Rule 9, T.R.A.P., application of the appellant, Brent D. Laing, M.D. ("Laing"), in order to review the propriety of the trial court's denial of Laing's motion to amend his answer filed in litigation instituted against him and others by the appellee, Brenda J. Crowder, M.D. ("Crowder"). In the same order, we consolidated that interlocutory appeal with the appeal of Laing's separate suit against Crowder, which latter appeal is before us as of right. *See* Rule 3(a), T.R.A.P. The claims asserted by Laing in the second suit are identical to those in the counterclaim which Laing attempted to pursue, albeit unsuccessfully, in the earlier litigation. We reverse the trial court's denial of Laing's motion to amend in the first suit. We dismiss, as moot, the appeal of Laing's subsequent suit against Crowder.

## I. *Facts*

In July, 1987, Crowder and Laing each opened a medical practice in Elizabethton, Tennessee. They shared space under a signed "Practice Agreement" that addressed their respective rights and obligations in their combined practices. In late 1994 or early 1995, the parties merged their practices into a professional corporation known as First Medical Group, Inc. ("FMG"). FMG also included other medical practice groups in the same building. Following this merger of the various medical practices, Crowder and Laing became employees of FMG's OB/GYN division.

Crowder later became dissatisfied with the new work environment and other aspects of FMG's business. In January, 1996, Crowder discussed with Laing and another physician her intention to leave FMG. In May of that year, she wrote a letter giving notice of her intention to disassociate herself from FMG. Problems arose between Crowder and Laing shortly thereafter. Specifically, the parties had disagreements regarding the date of Crowder's departure, the handling of her accounts receivable and patient files, the disposition of her interest in the office suite and equipment, and other matters attendant to her departure.

In September, 1996, Crowder notified Laing of her intention to relocate her practice to Johnson City, Tennessee. The parties' Practice Agreement contains the following "buy-out" provision:

> The value of the practice goodwill is recognized by both physicians. While this goodwill value is not considered as part of the hard assets, should Dr. Crowder wish to terminate this agreement and continue to practice in Carter or surrounding counties, the compensation for this goodwill value must be made to Dr. Laing. By agreement of the physicians the value of the goodwill compensation is set at [$]120,000....

On October 2, 1996, Crowder presented Laing with a copy of the Practice Agreement that contained handwritten changes to the above-quoted provision. The changes purport to limit the buy-out provision to the first five years of the agreement. The initials "BL" and "BJC" are affixed next to the handwritten interlineations. These changes were purportedly made on December

3

27, 1987, as evidenced by the insertion of "12/27/87" next to the changes.[1]

## II.  *Procedural History*

On October 28, 1996, Crowder filed suit against Laing, Dr. John D. Green, David Dobyns, FMG and Health Care Consultants, Inc., alleging that the defendants had interfered in various ways with her medical practice.  Laing subsequently filed an answer. At that time, he did not assert a counterclaim.  Thereafter, on two separate occasions, Crowder was allowed to amend her complaint.

On May 6, 1997, an agreed order was entered dismissing the count of Crowder's complaint pertaining to the parties' interests in the medical office suite.  Still later, Crowder took a voluntary non-suit as to her claims of interference with her business and/or contractual relationship with others.

In the meantime, the parties were involved in discussions regarding settlement of Crowder's remaining claims. On June 27, 1997, Laing's attorney sent Crowder's attorney a letter, in which the former stated that he was transmitting a "draft" of an agreement regarding the division of personal property between the parties.  Three days later, on June 30, Laing filed a motion to amend his answer, seeking to assert a counterclaim against Crowder.  In his proposed counterclaim,

---

[1]Since the Practice Agreement was signed in 1987, the buy-out requirement would have expired in 1992 if the changes are valid.

Laing alleged, among other things, that Crowder had forged his initials to the handwritten changes to the Practice Agreement. Laing asserted that he did not agree to the changes, which Crowder in her deposition had acknowledged making. Laing also alleged that Crowder had engaged in "a scheme to defraud Laing and FMG of their patient base; their assets; and their future earning capacities." The counterclaim sought damages for Crowder's alleged breach of the Practice Agreement, fraud, and intentional or negligent misrepresentation. With respect to a portion of his proposed counterclaim, Laing relied upon the buy-out provision in the Practice Agreement as originally signed. He claimed that the facts supporting his counterclaim were developed in discovery conducted with respect to Crowder's claims.

Following a hearing on the motion to amend, the trial court denied Laing's request to amend his answer to assert a counterclaim. In a subsequent order, the trial court stated that Laing's motion had been "withheld until lately filed to induce compromise of plaintiff's claims while withholding... Laing's proposed counterclaim." The trial court also found "that the proposed counterclaim was a known compulsory counterclaim pursuant to R[ule] 13 of the Tennessee Rules of Civil Procedure and should have been filed with defendant's answer in January of 1997."

Following the denial of his motion to amend, Laing, on July 31, 1997, filed a separate complaint against Crowder setting forth the identical causes of action that he had sought to assert in the counterclaim. At some unidentified time thereafter, Laing

5

and Crowder apparently reached a final settlement of the latter's claims,[2] and on August 25, 1997, the trial court entered an "Order of Dismissal on Voluntary Non-suit", dismissing, without prejudice, Crowder's claims against Laing,[3] Green and FMG. Pursuant to Crowder's motion, the trial court subsequently dismissed Laing's complaint in the second lawsuit. As to Laing's proposed counterclaim in the original case, the trial court ultimately denied Laing's motion to reconsider its refusal to allow the amendment, but granted Laing's motion for a discretionary appeal. *See* Rule 9, T.R.A.P.

III. *Applicable Law*

Rule 15.01, Tenn.R.Civ.P., provides, in pertinent part, that "leave [to amend a pleading] shall be freely given when justice so requires." The Supreme Court has emphasized the liberality of this rule:

> ...Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge.... That rule needs no construction; it means precisely what it says, that "leave shall be freely given."

**Branch v. Warren**, 527 S.W.2d 89, 91-92 (Tenn. 1975); *see also* **Gardiner v. Word**, 731 S.W.2d 889, 891 (Tenn. 1987) and **HMF Trust v. Bankers Trust Co.**, 827 S.W.2d 296, 301 (Tenn.App. 1991). The

---

[2]The settlement documents are not in the record.

[3]The record does not indicate why the settled claims against Laing were dismissed without prejudice, rather than with prejudice.

6

denial of a motion to amend lies within the sound discretion of the trial court, and will not be reversed absent a showing of an abuse of that discretion.  *Hall v. Shelby County Retirement Bd.*, 922 S.W.2d 543, 546 (Tenn.App. 1995).  Nevertheless, as this court has stated, "[a]lthough amendments to the pleadings lie within the discretion of the trial court, the rule mandates the allowance of amendments if justice requires."  *HMF Trust*, 827 S.W.2d at 301; *Garthright v. First Tennessee Bank of Memphis*, 728 S.W.2d 7, 9 (Tenn.App. 1986).

There are several factors that a trial court should consider in determining whether to grant a motion to amend. These factors include: undue delay in filing the amendment; lack of notice to the opposing party; bad faith on the part of the moving party; repeated failure to cure deficiencies by previous amendments; undue prejudice to the nonmoving party; and the futility of amendment.  *Gardiner*, 731 S.W.2d at 891-92; *Hall*, 922 S.W.2d at 546.

IV.  *Analysis*

Our review of the record in this case persuades us that the trial court abused its discretion in denying Laing's motion to amend his answer.  We find (1) that Crowder would not have been prejudiced by the allowance of the amendment; (2) that Laing had not previously amended his answer; (3) that Crowder had notice of the proposed amendment; and (4) that the amendment of

7

Laing's answer was facially in pursuit of a valid claim.[4]  *See Gardiner*, 731 S.W.2d at 891-92; *Hall*, 922 S.W.2d at 546.


        As indicated earlier, the trial court found that Laing had withheld his claim "to induce compromise of [Crowder's] claims," and that the proposed counterclaim was compulsory and should have been asserted in Laing's answer.  As to the first rationale given by the trial court, we do not find any indication in the record to support such a conclusion.  Although the parties were engaged in settlement negotiations when Laing filed his motion to amend, it does not appear that they had reached a final settlement.  This is evidenced by a number of things: the fact that the letter from Laing's attorney to Crowder's attorney dated June 27, 1997 -- only three days before the motion to amend was filed -- makes reference to an enclosed "draft" of an agreement[5]; Crowder's assertion, in her response to Laing's motion to amend, that Laing's motion was filed contemporaneously with his mailing of the "last *proposed* settlement" to Crowder; and, most significantly, the following language in a discovery-related motion that was subsequently filed by Crowder on July 25, 1997:

> On or about the 10th day of July, 1997, the parties *appeared* to have reached *tentative* agreement concerning certain claims of plaintiff and plaintiff elected to file a non-suit as to other claims so that it seemed at that time that the expense of further discovery would not be necessary.

---

[4]We express no opinion regarding the merits of Laing's counterclaim.

[5]The draft of the agreement is not in the record.

8

(Emphasis added).  Furthermore, the order dismissing Crowder's remaining claims against Laing was not entered until August 25, 1997, almost two months after the motion to amend was filed.  The preponderance of the evidence in the record before us is that Crowder's claims had *not* been finally settled when Laing filed his motion to amend.  This seems clear from Crowder's discovery-related motion in which she affirmatively indicated that her claims had not been settled as of a point in time some ten days *after* the motion to amend was filed.

Even if Laing strategically delayed the filing of his motion to amend until after Crowder had entered into settlement discussions with him regarding her claims, this did not prejudice Crowder, who, as previously noted, had not settled her lawsuit against Laing when the motion to amend was filed.  There is nothing in the record to indicate that Laing engaged in some impropriety that tricked Crowder into doing something that she did not want to do.

As to the trial court's second rationale for denying the motion to amend -- that the motion sought to assert a compulsory counterclaim -- we do not find that this is a proper basis for the trial court's action.  Assuming, without deciding, that the claims which the motion to amend sought to assert amount to a compulsory counterclaim, this is more of a reason to allow the amendment than to deny it.  This is true because, as a compulsory counterclaim, it had to be asserted in the first suit or be lost forever.  *See* Rule 13.01, Tenn.R.Civ.P.

9

Our conclusion in this case is consistent with the mandate of Rule 15.01, Tenn.R.Civ.P., that leave to amend "shall be freely given when justice so requires." *See* **Branch**, 527 S.W.2d at 91-92; **Gardiner**, 731 S.W.2d at 891; and **HMF Trust**, 827 S.W.2d at 301. With respect to the factors set forth in the cases, we find no indication in the record that the proposed amendment to Laing's answer was inappropriate. *See* **Gardiner**, 731 S.W.2d at 891-92; **Hall**, 922 S.W.2d at 546. A trial court is responsible for adjudicating claims, and it should not deny a party the right to assert a facially-valid claim except under extreme circumstances. In this case, the record does not support the trial court's reasons for refusing to allow Laing to pursue his counterclaim.

## V. *Conclusion*

In light of the foregoing, we hold that the trial court abused its discretion in denying Laing's motion to amend. Given this conclusion, it is not necessary for us to address the additional issues raised by Laing. We remand this case to the trial court for the entry of an order allowing the amendment to Laing's answer. This disposition renders Laing's appeal of the dismissal of his complaint in the second case moot, and that appeal is therefore dismissed. Exercising our discretion, we tax the costs of these appeals one-half to each of the parties. This matter is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion.

_____

10

Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.