IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2002 Session

# CHARLES CHAPMAN v. KATHY KELLEY, ET AL.

**Appeal from the Circuit Court for Maury County**
**No. 9154 Stella Hargrove, Judge**

---

**No. M2001-00928-COA-R3-CV - Filed August 28, 2002**

---

This is an appeal from the trial court's dismissal of an action filed by Plaintiff against the Maury County Circuit Court Clerk and the Maury County Deputy Circuit Court Clerk. This case concerns the application of the qualified judicial immunity defense and the related question of whether the trial court abused its discretion in refusing to allow the Plaintiff to amend the original complaint under Rule 15 of the Tennessee Rules of Civil Procedure. The gravamen of Plaintiff's original complaint is that the Plaintiff suffered damages as a result of negligence of the Deputy Court Clerk by her alleged negligent administration of the criminal court docket that ultimately led to the wrongful arrest and incarceration of the Plaintiff based on a capias issued by the judge. The Defendant Maury County Circuit Court Clerk, who was sued for negligent supervision, interposed the defense of qualified judicial immunity and upon a motion to dismiss, the trial judge dismissed the case against the Maury County Circuit Court Clerk. A Maury County Deputy Circuit Court Clerk was originally sued as Jane Doe for negligent administration of the criminal court docket; when the Deputy Clerk's identity was revealed, the Plaintiff amended his complaint to specifically name her. Subsequently, a second motion to dismiss was filed by the Maury County Deputy Circuit Court Clerk, likewise interposing the defense of qualified judicial immunity. The Plaintiff filed a motion to alter or amend the original dismissal as to the Maury County Circuit Court Clerk and the Plaintiff also filed a second motion to amend the original complaint to allege reckless conduct on the part of the Clerk and the Deputy Clerk. The trial court overruled the motion to alter or amend the original dismissal of the action against the Maury County Circuit Court Clerk , granted the motion to dismiss as to the Maury County Deputy Circuit Court Clerk, and denied Plaintiff's motion to amend. For reasons stated below, the court affirms the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HAMILTON V. GAYDEN, JR., Sp.J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Phillip Leon Davidson, Nashville, Tennessee, for Appellant, Charles Chapman.

David Randall Mantooth and Jennifer L. Shymate, Nashville, Tennessee, for Appellees, Kathy Kelley and Pam Jackson.

**OPINION**

BACKGROUND

This case arises out of an arrest warrant issued for the Plaintiff, Charles Chapman, for failure to appear in court on charges of felony theft and burglary of a vehicle. The warrant was issued as a result of a capias executed by the court upon information provided to the court by a Deputy Clerk when the defendant failed to appear on his scheduled arraignment date. Notice of the arraignment date was mailed by the Deputy Clerk to the wrong address that was originally supplied to the clerk's office by the Plaintiff's bondsman. As a result of the returned mail that was sent to the wrong address, the capias was issued by the judge. The address where the notice of the arraignment date was mailed was one of two addresses provided to the court clerk by the bondsman, however the one that was used by the Deputy Clerk to forward the notice of the arraignment date was, unknown to her, an incorrect address. When the notice was returned to the Clerk and the defendant did not appear on the scheduled arraignment date, a capias was issued (and a new arraignment date was set). The defendant did appear on the reset arraignment date despite not having received mailed notice from the court clerk's office; at this point the defendant in the criminal case, the Plaintiff here, had not been arrested on the outstanding capias. The defendant was appointed an attorney at the reset arraignment. Unfortunately, the Clerk was not present in the courtroom when the case against the Plaintiff was called, and thus did not advise the judge that there was an outstanding capias. The Plaintiff was subsequently arrested on the outstanding capias.

While in jail, the defendant became ill and was eventually taken to the hospital. Plaintiff claims physical damage to his person while in jail and personal injury when he later fell at the hospital. Plaintiff brought suit against Maury County, the Maury County Circuit Court Clerk and the unknown Deputy Clerk "Jane Doe" for common law negligence, failure to adequately supervise (allegation against the Maury County Clerk), failure to provide medical attention while incarcerated, failure to properly read the court file and failure to notify the judge that there was an outstanding capias. The trial court dismissed the case on a motion as to Kathy Kelley, the Maury County Circuit Court Clerk. In a written memorandum, the trial court set out the basis for the dismissal being that the Maury County Circuit Court Clerk enjoyed quasi-judicial immunity from suit when carrying out a judicial function of the court.

Later, Plaintiff Chapman amended his complaint and identified the Deputy Court Clerk, Pam Jackson, who administratively handled the case. Ms. Jackson likewise filed a motion to dismiss arguing that she also enjoyed quasi-judicial immunity from suit. Plaintiff then filed a motion to alter or amend the prior judgment of the trial court which dismissed the case against the Maury County Circuit Court Clerk.

While these motions were pending, Plaintiff filed a second motion to amend proposing an allegation of reckless conduct chargeable to both the Maury County Circuit Court Clerk and the Deputy Circuit Court Clerk. This second motion to amend was made one year after the date the

original cause of action accrued. Plaintiff argued that the proposed new allegation arose out of the same set of facts, related back to the original cause of action and was therefore not time barred as provided by Rule 15.01 of the Tennessee Rules of Civil Procedure.

By a second memorandum, the trial court overruled Plaintiff's motion to alter or amend the original ruling dismissing the Maury County Circuit Court Clerk and granted the motion to dismiss as to the Deputy Court Clerk, ruling that the Deputy Clerk also enjoyed judicial immunity. The trial court simultaneously overruled the motion to amend citing that the motion to amend was untimely, futile and changed the cause of action.

More specific facts are that on September 26, 1998, Plaintiff Charles Chapman was arrested for DUI and possession of marijuana. Chapman posted a bond with Scott Bonding Company and for some reason not reflected in the record, the bail bond listed two addresses for Mr. Chapman, 503 Scott Road (the correct address) and 5404 South Road (the incorrect address). On February 24, 1999, Chapman was indicted by the Maury County Grand Jury for DUI and possession of marijuana. As a result of the indictment, Pam Jackson, Deputy Circuit Court Clerk, mailed Chapman a postcard notification of the pending arraignment date. The postcard was sent to the incorrect address provided to the clerk's office by the bail bondsman, 5404 South Road, and the postcard was returned to the clerk's office stamped "no such address". This information was entered into the computer by Deputy Jackson, but she admittedly never checked to see if it was the correct address.

When Chapman failed to appear on the scheduled arraignment on April 5, 1999, a capias was issued for his arrest. Deputy Jackson received the capias on April 13, 1999. A new court date was set for Chapman, May 10, 1999. Chapman did appear on May 10, 1999, and an attorney was appointed to represent him.

Deputy Jackson's deposition is part of the record and was considered by the trial court. In her deposition, Deputy Clerk Pam Jackson admitted that the docket sheet has notations regarding the returned postcard and the previously issued capias for Chapman's arrest. Neither Jackson nor Kelley notified the trial court judge that a capias was outstanding on that date, May 10, 1999. Jackson testified in her deposition that she was not in the courtroom when Chapman's case was called.

On June 19, 1999, Chapman was at his home preparing to go to his daughter's wedding when he was arrested pursuant to the capias for failure to appear on the charges of felony theft and burglary of a vehicle. (The record is not clear on the obvious mix up when Chapman was charged with felony theft and burglary of a vehicle, when he was indicted for DUI and possession of marijuana, but this error is not part of the appeal.)

Mr. Chapman was taken to the Maury County jail and placed in maximum security. Upon confinement, Mr. Chapman notified the jailors that he needed to take medication for high blood pressure. Chapman was not given medication during his incarceration in jail. Mr. Chapman also claims he injured his back getting in and out of the bunk in his cell.

On June 22, 1999, Mr. Chapman was transported from the jail to the hospital where he remained for three days. Upon his return to the jail, he was released by the circuit court judge.

On June 16, 2000, Mr. Chapman filed suit in circuit court against Kathy Kelley, the Maury County Circuit Court Clerk, Maury County, John Doe and Jane Doe, alleging negligence in causing the issuance of the arrest warrant by failing to properly review the documents in his circuit court file, failing to notify the court of the outstanding capias at the arraignment on May 10, 1999 and failing to give proper medical attention while incarcerated.

On September 25, 2000, the trial court granted a motion to dismiss filed by the clerk, Kathy Kelley, finding:

> Plaintiff concedes that pursuant to the Tennessee Governmental Tort Liability Act, Defendant, Maury County, Tennessee, has immunity from any liability arising out of an illegal or false arrest and incarceration. The court agrees. The only matters that survive Plaintiff's cause of action as to this Defendant are allegations of denial of proper medical attention.
>
> As to the defendant, Kathy Kelley, the Court finds that she has quasi-judicial immunity from any and all civil liability alleged by Plaintiff, pursuant to Miller v.Niblack, 942 S.W.2d. 533 (Tenn. App. 1996). Defendant, Kathy Kelley, was performing a function intregal to the judicial process. In causing the arrest warrant to issue, she was merely performing an act pursuant to a judge's order. Defendant should enjoy absolute immunity for acts she was required to do at a judge's direction.

On October 19, 2000, Mr. Chapman filed a motion to alter or amend the judgment of the trial court.

On November 6, 2000, Mr. Chapman filed a motion to amend the complaint to add Deputy Clerk Pam Jackson as a party in lieu of "Jane Doe". The amended complaint was filed the same day.

On January 31, 2001, Pam Jackson filed a motion to dismiss alleging that she is also entitled to the defense of quasi-judicial immunity.

On February 21, 2001, Mr. Chapman filed a motion to amend the amended complaint to reflect that Defendants Kelley and Jackson were not only negligent but were reckless in their actions.

On March 12, 2001, the trial court issued an order denying Mr. Chapman's motion to alter or amend the previous order of dismissal as to the Defendants Kelley and the Maury County Circuit Court, and granted the motion to dismiss as to the Maury County Deputy Court Clerk, Jackson.

Then the court denied Mr. Chapman's motion to amend portions of the amended complaint stating that the proposed amendment "raises new causes of action and is not timely filed pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure."

The court granted Pam Jackson's motion to dismiss with prejudice, stating:

> The Court has previously found that pursuant to Miller v. Niblack, 942 S.W. 2d 533 (Tenn. App. 1996), Defendant, Kathy Kelley, is entitled to quasi-judicial immunity. Ms. Kelley was performing a function integral to the judicial process. In causing the arrest warrant to issue, she was merely performing an act pursuant to a judge's order. Defendant should enjoy immunity for all acts she was required to do under the judge's order in connection with the issuance of the arrest warrant, including any alleged negligence in placing an incorrect address on the warrant. This court does not find it proper to separate out specific acts involved in the performance of functions integral to the judicial process and pick and choose which acts are entitled to immunity. Ms. Kelley is entitled to immunity for any and all acts performed at the direction or order of the judge. . . .
>
> Further, the Court finds that Defendant, Pam Jackson, as Deputy Clerk to Kathy Kelley, is entitled to the same quasi-judicial immunity as Ms. Kelley, in performing functions integral to the judicial process, and is entitled to be dismissed from this action.

On April 9, 2001, Mr. Chapman entered a voluntary dismissal against Maury County pursuant to Rule 41 of the Tennessee Rules of Civil Procedure.

## ANALYSIS

The two issues are whether the Defendants are entitled to quasi-judicial immunity and whether the trial court correctly denied the Plaintiff's motion to amend his amended complaint.

## MOTION TO DISMISS

The first issue is whether the trial court erred in granting the Circuit Court Clerk's motion to dismiss; and whether the trial court erred in dismissing the complaint against the Deputy Clerk granting the Defendants' qualified judicial immunity for the alleged negligence. Since the trial judge went beyond the pleadings, the dismissals of both Defendants by the trial court will be treated as motions for summary judgment. Tenn. R. Civ. P. 56.

The standards for reviewing summary judgments on appeal are well settled, and summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgments are not appropriate when genuine disputes regarding material facts exist. A summary judgment should only be granted when

the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion--that the party is entitled to a judgment as matter of law. *Ivey v. Hamlin*, 2002 WL 1254444, at *2 (Tenn. Ct. App., June 7, 2002).

Summary judgments enjoy no presumption of correctness on appeal. Accordingly, appellate courts must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. When reviewing the evidence, we must determine first whether factual disputes exist. If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W. 2d at 214.

Based on a review of the undisputed facts in this case, the court finds that the case is controlled by the absolute-judicial doctrine elucidated in *Miller v. Niblack*, 942 S.W.2d 533 (Tenn. Ct. App. 1996). The doctrine of absolute immunity has been extended to persons, other than judges, who performed judicial or quasi-judicial functions. This expansion had included officials who are involved in an integral part of the judicial process. "When acting at a judge's direction, the 'quasi-judicial' officers enjoy the same absolute immunity for their conduct." *Id.* at 537, quoting *La Londe v. Essner*, 539 N.E.2d 538, 540-41(Mass. 1989). The court clerks herein are an integral part of the judicial system, and the deputy clerk was following the direction of the court

MOTION TO AMEND

The second issue is whether the court erred in overruling Plaintiff's second motion to amend filed on February 21, 2001 which alleged recklessness on part of both the Maury County Circuit Court Clerk and the Deputy Clerk. The second motion was denied by the trial judge. The trial judge ruled that the proposed amendment to the complaint alleging recklessness "raises a new cause of action and is not timely filed pursuant to Rule 15.01 of the Tennessee Rules of Procedure."

The general rule is that amendments should be freely allowed. *See Isbell v. Travis Electric Co.*, 2000 WL 1817252 (Tenn. Ct. App., Dec. 13, 2000). This view toward liberally allowing amendments is not without qualification; the decision to allow the amendment rests within the sound discretion of the trial judge. *Gardiner v. Word*, 731 S.W.2d 889 (Tenn.1987). The court in *Gardiner* stated, "In considering whether to grant a motion to amend, a trial court should consider several factors such as undue delay in filing the amendment, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment." *Id.* at 891-892, citing *Merriman v. Smith*, 599 S.W. 2d 548, 559 (Tenn. Ct. App. 1979).

In this case, the proposed second amendment as to both the Circuit Court Clerk and the Deputy Court Clerk  was futile as the doctrine of absolute judicial immunity applied, adding a different cause of action would not save plaintiff's action. *Miller v Niblack*, 942 S.W. 2d 533 (Tenn. Ct. App. 1996).

CONCLUSION

We hold that the trial court properly dismissed the Plaintiff's complaints against both the Maury County Circuit Court Clerk and the Maury County Deputy Court Clerk on the grounds that they are shielded by the quasi-judicial immunity doctrine. The court also holds that the trial court did not abuse its discretion in overruling the Plaintiff's motions to amend the original complaint. Costs of this appeal are taxed to the Appellant, Charles Chapman, for which execution may issue if necessary.

_____
HAMILTON V. GAYDEN, JR.