IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 19, 2003 Session

# JOSE and GIOCONDA MATUS, ET AL. V. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE D/B/A METROPOLITAN NASHVILLE GENERAL HOSPITAL

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 99C-710     The Honorable Carol Soloman, Judge**

_____

**No. M2002-01407-COA-R3-CV - Filed April 7, 2003**

_____

This is a medical malpractice case against a municipal hospital pursuant to the Governmental Tort Liability Act. Originally, the defendants included a private physician and two nurse employees of the hospital. Plaintiffs alleged, among other things, that the two nurse employees were partially at fault, and their negligence attributed to the hospital was a cause of the damages alleged. Prior to the trial date, a settlement was reached by the plaintiffs with the private physician and the two nurse employees. Over defendants' objection, plaintiffs were allowed by motion on the eve of trial to amend their complaint to allege that previously un-named nurse employees of the hospital were negligent, which contributed to the damages alleged for which the hospital was responsible. Defendants also filed a motion for summary judgment asserting that, because the two nurse employees were no longer liable and thus their liability could not be attributed to the hospital, the hospital was entitled to summary judgment because there was no allegation of negligence on the part of other employees of the hospital. The trial court granted plaintiffs' motion to amend the complaint and denied the hospital's motion for summary judgment. At the conclusion of a nonjury trial, the hospital was assigned a percentage of fault for the damages incurred, and judgment was entered accordingly. Hospital appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Lora Barkenbus, C. Dawn Deaner, Nashville, For Appellant, Metropolitan Government

G. Thomas Nebel, Nashville, For Appellees, Jose and Gioconda Matus, et al

## OPINION

Plaintiffs, Jose and Gioconda Matus, individually and as the natural parents of the minor decedent, Gioconda Matus; Brian Matus and Kevin Matus, as surviving natural brothers of the minor decedent, sued defendants, Metropolitan Government of Nashville and Davidson County, Tennessee, d/b/a Metropolitan Nashville General Hospital ("Hospital"), Molly Chatterjee, M.D., Pam Covington, R.N. and Olivia Reynolds, R.N., seeking damages for the wrongful death of Gioconda Matus. The complaint alleged that the defendant-doctor and the defendant-nurses were negligent in the delivery of the baby, Gioconda Matus, and that the negligence directly and proximately caused the death of the baby. The complaint further alleged that the Hospital was liable for the negligence of the defendants, Covington and Reynolds, under the doctrine of *respondeat superior*. A settlement was reached between the plaintiffs and Dr. Chatterjee and, by order entered May 7, 2001, Dr. Chatterjee was dismissed from the suit. Shortly before the trial date of November 26, 2001, a settlement was reached between plaintiffs and defendants, Covington and Reynolds, and the order dismissing these parties was entered on the trial date.

On November 21, 2001, plaintiffs filed a motion to amend their complaint along with a revised amended complaint to allege specific acts of negligence committed by a Nurse Oakley, and others, for which Hospital was allegedly liable. On the morning of trial, November 26, 2001, Hospital filed a response opposing plaintiffs' motion to amend and also filed a motion for summary judgment. The trial court granted plaintiffs' motion to amend the complaint and subsequently denied the defendants' motion for summary judgment. Hospital has appealed and presents two issues for review, as stated in their brief:

> 1. Whether the Trial Court erred in allowing Plaintiffs to amend their Complaint on the even of trial to add allegations against additional employees of Metropolitan Nashville General Hospital.
>
> 2. Whether the Trial Court erred in failing to grant Metropolitan Government's motion for summary judgment and in refusing to release the Metropolitan Government from liability when the nurses settled out of the lawsuit.

We will now consider the first issue.

Tenn.R.Civ.P. 15.01 provides in part:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has

-2-

not been set for trial, the party may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party of by leave of court; and leave shall be freely given when justice so requires. . . .

In *Branch v. Warren*, 527 S.W.2d 89 (Tenn. 1975), our Supreme Court discussed the effect of Tenn.R.Civ.P. 15.01:

> The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge. Indeed, the statute (§ 20-1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what is says, that "leave shall be freely given."

*Id.* At 91-92.

A grant or denial of a motion to amend a pleading is within the sound discretion of the trial court. *Harris v. St. Mary's Medical Center, Inc.*, 726 S.W.2d 902, 904 (Tenn. 1987).

In *Gardiner v. Word*, 731 S.W.2d 889 (Tenn. 1987), our Supreme Court noted:

> Cases since *Branch v. Warren* have emphasized the liberality with which trial courts should approach the question of whether a pretrial motion to amend should be granted. *See, e.g., Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976); *Walden v. Wylie*, 645 S.W.2d 247, 250 (Tenn. Ct. App. 1982); *Douglass v. Rowland*, 540 S.W.2d 252, 256 (Tenn. Ct. App. 1976); *see also Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979); *cf. Liberty Mutual Insurance Co. v. Taylor*, 590 S.W.2d 920, 921 (Tenn. 1979).

*Id.* at 891. The *Gardiner* Court recognized that, although there were no prior Tennessee cases dealing with whether Rule 15.01 allows for conditions to be placed on the granting of an amendment, such conditions should be allowed to prevent injustice. The Court said:

> The Rule itself unlike Rule 15.04 does not expressly provide for a conditional grant. The federal courts have interpreted Rule 15(a),

F.R.C.P., which is identical to our Rule 15.01, to allow conditional amendments in order to give effect to the liberal policies of Rule 15(a) while mitigating any prejudice that the other party might suffer as a result of granting the amendment. *SMF v. Sundstrand Corp.*, 99 F.R.D. 101 (N.D.Ill.1983); *see also Firchau v. Diamond National Corp.*, 345 F.2d 269, 275 (9th Cir. 1965); *Key Pharmaceuticals, Inc. v. Lowey*, 54 F.R.D. 447 (D.Mass. 1985); 6 Wright & Miller, *Federal Practice and Procedure* § 1486 (1971 & Supp. 1986). As stated in Wright & Miller, *supra* at p. 424, "If the party opposing the amendment can be protected by the use of conditions from any possible prejudice that might result from the untimeliness of the amendment, there is no justifiable reason for not allowing it."

*Id.* at 891.

Thus, in the case at bar, the trial court would have been justified conditioning the grant of the motion to amend upon a continuance of the case to allow the defendant such additional time as necessary to properly defend the case as amended. Hospital filed a response opposing plaintiffs' motion to amend but did not specifically set out how it could be prejudiced by granting the amendment. From our review of the transcript of the proceedings, Hospital did not argue to the court concerning any prejudice it would sustain by the granting of the amendment. Moreover, and most significantly, when the trial court granted the motion to amend, Hospital did not move for a continuance in order to meet the allegations of the amendment. When a trial court grants a motion to amend, the opposing party must request a continuance if it believes it has been prejudiced. *See Arcata Graphics Co. v. Heidelberg Harris*, 874 S.W.2d 15, 22 (Tenn. Ct. App. 1993); *Farmers & Merchants Bank v. Dyersburg Production Credit Asso.*, 728 S.W.2d 10, 19 (Tenn. Ct. App. 1986).

If, in fact, Hospital was prejudiced by the trial court's order granting the motion to amend, Hospital should have, at that time, moved the court for a continuance. As this Court stated in *Allstate Ins. Co. v. Fox*, 1990 WL 8058 (Tenn. Ct. App. 1990):

If the trial court admits the evidence, thus allowing the amendment of the pleadings, it is incumbent upon the objecting party to request a continuance if necessary to meet this new evidence. The granting of a continuance is not a matter of right, but is within the discretion of the court. However, if the objecting party fails to request a continuance he may not urge on appeal that the trial court abused its discretion by not granting him additional time to meet the new evidence. See 6 C. Wright and A.Miller, Federal Practice and Procedure § 1495 (1971).

*Id.* at *12.

"It is a well known and well accepted rule that a party must complain and seek relief immediately after the occurrence of a prejudicial event and may not silently preserve the event as a 'ace in the hole' to be used in the event of an adverse decision." ***Gotwald v. Gotwald,*** 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988).

In the case at bar, Hospital made a calculated decision to proceed and defend the complaint as amended and, as counsel for Hospital argued before this Court, they did not feel that "Ms. Oakley did anything wrong." Under these circumstances, the trial court did not abuse its discretion in granting the amendment and proceeding to trial.

Hospital's second issue for review asserts that it was entitled to summary judgment when the original nurse defendants were released from the law suit. We do not disagree with the law cited by Hospital in its brief that a suit against Hospital, a governmental entity, the complaint "must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment." ***See Gentry v. Cookville Gen. Hosp.***, 731 S.W.2d 337 (Tenn. Ct. App. 1987). However, since we have affirmed the trial court's decision to allow the amendment making the additional allegations, Hospital's second issue is without merit.

Accordingly, the judgment of the trial court is affirmed , and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellant, Metropolitan Government of Nashville and Davidson County, Tennessee d/b/a Metropolitan Nashville General Hospital, and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.