**HMF TRUST, Plaintiff–Appellant,**

v.

**BANKERS TRUST COMPANY, Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

July 24, 1991.

Application for Permission to Appeal Denied by Supreme Court Dec. 30, 1991.

John McQuiston, II, Memphis and Jeffrey A. Schoenblum, Nashville, for plaintiff-appellant.

S. Shepherd Tate, William J. Landers, and Kathryn C. Wells, Memphis, for defendant-appellee.

CRAWFORD, Judge.

This is an appeal by plaintiff, HMF Trust, from the order of the trial court dismissing its suit against defendant, Bankers Trust Company, denying its motion to amend the complaint as to Bankers Trust Company and denying its motion for partial summary judgment against defendant, Bankers Trust Company. Plaintiff filed its complaint against defendants, Julien J. Hohenberg and Scott W. Foster, the original trustees of the trust and defendant, Bankers Trust Company. The order appealed from applies only to defendant, Bankers Trust Company, and was made final pursuant to Rule 54.02, Tennessee Rules of Civil Procedure.

The first issue presented for review is whether the trial court erred in dismissing the complaint as to the defendant Bankers Trust Company.

In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we are obviously limited to the allegations in the complaint, and we must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn.1975), appeal after remand, 563 S.W.2d 555 (Tenn.1978). In *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847 (Tenn.1978), the Court quoted with approval the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), as follows:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

566 S.W.2d at 848.

The material allegations of the complaint are as follows: Plaintiff is a trust established by an agreement of trust, dated July 29, 1988, by the grantors and the beneficiaries for whom this suit is brought, Juliet Hohenberg Thompson, Letitia C. Hohenberg, Adam E. Hohenberg and Mary M.G. Hohenberg. The original trustees were defendants, Julien J. Hohenberg and Scott W. Foster, who have now resigned. The beneficiaries each own five percent of The Julien Company, a Tennessee corporation. Defendant, Julien Hohenberg, was at all material times Chief Executive Officer of the Julien Company and the majority stockholder and defendant Foster was at all times Secretary of the Julien Company.

Bankers Trust was the principal lender to the Julien Company and, at the time this suit was filed, had made various loans to the Julien Company in the approximate amount of $150,000,000. Bankers Trust, through its officers and attorneys, participated in the drafting of the agreement, the establishment of the HMF Trust and the dissolution of certain grantor trusts in order to fund the HMF Trust. Bankers Trust intended that the HMF Trust was to be used as a device to shift the risk of loss on loans by Bankers Trust to the Julien Company up to $12,000,000 by a loan from Bankers Trust to the HMF Trust. The $12,000,000 loan would serve indirectly as

capital for the Julien Company and increase the borrowing limits of the Julien Company. Beneficiaries of the HMF Trust expressly authorized only the borrowing by the trustees of up to the $12,000,000 from Bankers Trust to make a loan in that amount to the Julien Company. It is believed that although the trustees executed a note for $12,000,000, the loan from Bankers Trust was only in the amount of $11,500,000. Bankers Trust was also granted a security interest in specified assets of the HMF Trust, to secure the $12,000,000 note by virtue of a hypothecation agreement.

On or about September 27, 1988, another security agreement or hypothecation agreement was signed by the original trustees which caused all of the assets of the HMF Trust to become security for all of the liabilities of the Julien Company to Bankers Trust. This transfer by the trustees was without any authority, and, at the time of the transfer, the Julien Company was indebted to Bankers Trust in excess of $100,000,000. The beneficiaries did not know of or consent to this hypothecation, and Bankers Trust knew, or should have known, that the trustees had no authority to make such a transfer. The original trustees, defendants herein, have asserted that they were induced by misrepresentation to execute this hypothecation agreement.

On June 7, 1989, and on August 24, 1989, the trustees without authority, executed additional notes payable to Bankers Trust, and Bankers Trust knew, or should have known, that the trustees had no authority to execute these notes. The trustees were interested parties who breached their fiduciary duties, and Bankers Trust knew, or should have known, that they were acting without authority in violation of their fiduciary duties.

Bankers Trust and the original trustees caused all of the assets of the trust to be placed in the care, custody and control of Bankers Trust, and, to the extent that the assets exceeded the amount of the original $12,000,000 loan, the assets at all times continued to be the property of HMF Trust and are impressed with the constructive or resulting trust.

The complaint further alleges that in May of 1989 grantor and beneficiary Juliet Hohenberg Thompson transferred to the HMF Trust certain securities with a value of approximately 2.5 million dollars. Bankers Trust obtained the physical custody of these securities and treated the assets as loan collateral, although they had no authority to do so. Bankers Trust has liquidated all of the assets of HMF Trust, including the additional amount placed in the trust in May of 1989 and has wrongfully converted the property to its own use. The complaint alleges that the original trustees breached their fiduciary duties; that Bankers Trust conspired with the original trustees to breach their fiduciary duties to the trust, and that the conspiracy was for the benefit of Bankers Trust. It further is averred that Bankers Trust had independent fiduciary duties because they acted as custodian and bailee of the assets of the trust, and that, insofar as the assets exceeded the original 12 million dollar loan, the assets were impressed with a constructive or resulting trust. It is further averred that Bankers Trust wrongfully converted to its own use the excess assets described. It is also alleged that Bankers Trust induced defendants, Foster and Hohenberg, to breach their duties as required by the trust agreement, and that Bankers Trust misrepresented to them the purpose and meaning of the additional hypothecation agreement in September of 1988. The complaint alleges a violation of T.C.A. § 39-3-904 and a breach of the implied duty in good faith and fair dealing, both under the common law and as required by T.C.A. § 47-1-203.

The trust agreement and various other documents were attached to the complaint as exhibits and are a part of the pleadings. Rule 10.03, Tenn.R.Civ.P. We will refer to such parts of the exhibits as necessary in our further discussion of the case.

Plaintiff is seeking no relief involving the initial loan and its collateralization, which is specifically authorized by the trust agreement. Plaintiff's complaint deals with the actions of the trustees and Bankers Trust in dealing with the trust assets, including

the assets subsequently granted to the trust by Juliet Hohenberg Thompson over and above the assets involved in the initial loan.

Bankers Trust first asserts that the chancellor's order appealed from comes to this Court with a presumption of correctness and cite in support thereof T.C.A. § 27-3-103 (1980) and Rule 13(d) T.R.A.P. We must respectfully disagree. T.C.A. § 27-3-103 was repealed by Chapter 449, Section 1(10) Public Acts of 1981. Rule 13(d) T.R.A.P. applies only to findings of fact by the trial court, which we do not have in the case before us.

Basically, Bankers Trust asserts that the provisions of the trust agreement authorized the trustees to do all the acts about which plaintiff complains and that it, as a third party, was justified in its dealings with the trustees in relying upon the authorization of the trust instrument. It points specifically to the terms of the trust which it contends sets out the purpose for the establishment thereof:

WHEREAS, the Grantors are equity participants in various business enterprises; and

WHEREAS, the business enterprises require extensions of credit from time to time; and

WHEREAS, the Grantors desire to create a vehicle to provide extensions of credit to or additional collateral for borrowings by such business enterprises; and

WHEREAS, the Grantors desire to make a direct subordinated loan in the aggregate principal amount of twelve million dollars ($12,000,000) to The Julien Company, a Tennessee Corporation, from the proceeds of a loan obtained from Bankers Trust Company.

NOW, THEREFORE, in consideration of the premises the Grantors establish a trust as set forth below:

\* \* \* \* \* \*

The trustees are specifically authorized "4. H. To borrow money from and make loans to any person or entity, including without limitation loans to The Julien Company, without regard to interest or security and which may be subordinated to other creditors of the borrower as trustees in their discretion deem appropriate...." As to the assets of the trust, the trustees are authorized specifically, "4. I. To pledge any or all of the property to any person or entity as security for loans or otherwise on such terms as the trustees deem advisable."

Bankers Trust asserts that the latter provision authorizes the trustees to pledge trust assets as security for the loans of The Julien Company. Therefore, it argues that plaintiff's claim as to all the assets over and above those used as collateral for the initial twelve million dollar loan cannot stand because the trustees were specifically authorized to pledge or otherwise hypothecate the assets of the trust to secure loans made to The Julien Company.

Plaintiff, on the other hand, argues that this is not the proper construction of its contract, and that, in any event, the authorization to the trustees to perform such acts must be considered in light of the obligation of the trustees to act with due diligence and in fairness to the beneficiaries.

Bankers Trust defends the trial court's action in dismissing the complaint on its interpretation of the contract provision.

The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and give effect to that intention consistent with legal principles. *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578 (Tenn. 1975). The trial judge is required, if the contract is ambiguous, to determine the intention of the parties not alone from the language of the contract but also from the surrounding facts and circumstances. *National Garage Co. v. George H. McFadden & Bro., Inc.*, 542 S.W.2d 371 (Tenn.App. 1975).

The Court in *Barretsville Bank & Trust Co. v. Bolton*, 182 Tenn. 364, 187 S.W.2d 306 (1945) stated:

"The purpose of interpreting an instrument is to see what is the intention expressed by the words used. If from the

imperfection of language it is impossible to know what the intention is without inquiring further, then see what the circumstances were with reference to which the words were used, and what was the object, appearing from those circumstances, which the persons using them had in view." *Holmes v. Elder et al.,* 170 Tenn. 257, 261, 262, 94 S.W.2d 390, 392, 104 A.L.R. 1282.

187 S.W.2d at 310.

From our review of the trust agreement, the language used in some of the parts pertinent to the issue before the Court require proof to establish the intention of the parties concerning the extent of the trustees' authorization. Moreover, the trust agreement provides:

\* \* \* \* \* \*

8. *TRUSTEES EXONERATED.* The Trustees shall be responsible only for the exercise of due diligence in the administration and disbursement of the trust created hereunder and shall not be responsible for any loss or subject to any liability except by reason of their own negligence or *willful default* proved by affirmative evidence, and every election, determination or other exercise by the Trustees of any discretion granted to them expressly or by implication under this Agreement or by law, if made in *good faith,* shall fully protect them and shall be conclusive and binding upon all persons interested in the trust created under this Agreement. (Emphasis added).

The trust agreement obviously requires the trustees to act in good faith and to exercise due diligence. The complaint alleges that the trustees failed to act with due diligence and failed to act in good faith. The complaint also alleges that Bankers Trust participated from the very beginning in the establishment of the trust to benefit itself in its creditor/debtor relationship to The Julien Company, and conspired with the trustees in the trustees' breach of the duties imposed upon them by the trust agreement and their fiduciary duty imposed by law. The complaint also sets out the transfer or hypothecation of the assets of the trust to Bankers Trust to secure the debts of The Julien Company, when the authority to do such an act is questionable. The complaint also alleges the acquisition and conversion by Bankers Trust of subsequently granted assets to the trust without any authority whatsoever.

[O]ne taking ... property knowing that it is held in trust takes it with notice of the terms of the trust, and hence of any breach of trust involved in the transaction.

76 Am.Jur.2d, *Trusts*, Sec. 272.

One who acquires trust property with notice of the breach of the trust or who is for any other reason not a purchaser in good faith is not protected as against equities of the beneficiary, but takes the property or funds charged or impressed with the trust, notwithstanding that he gives full value in the transaction.

76 Am.Jur.2d, *Trusts*, Sec. 269.

Since the case is still pending in the trial court against the former trustees, it is apparent that a claim for relief for their breach of duty has been stated and that this breach of duty under proper proof could be chargeable to Bankers Trust.

Both parties have filed excellent briefs espousing the many fine points of substantive law dealing with trusts, trustees and third parties. These matters will be at issue in a trial or other proceeding for disposition on the merits. In view of the allegations of the complaint and the duty placed upon the trial court, and this Court, dealing with a motion to dismiss for failure to state a claim upon which relief can be granted, we prefer not to discuss in detail the arguments of law which will ultimately be before the trial court. From our reading of the complaint and the exhibits thereto a claim for relief is stated. Our ruling should in no way be construed, however, to indicate an opinion on the merits of the controversy or the propriety of any subsequent proceeding for a termination of the suit as provided under the Rules of Civil Procedure.

■ The next issue presented for review is whether the trial court erred in failing to allow plaintiff to amend the complaint.

Plaintiff filed a motion to amend its complaint by adding Counts X and XI. The trial court denied the motion to amend as to Bankers Trust, but allowed the amendments as to the defendant trustees. Plaintiff, in its brief, has withdrawn the issue as to Count X, and concedes that this count fails to state a claim on behalf of the plaintiff in the instant case. Plaintiff insists, however, that the trial court erred in not allowing the amendment as to Count XI. The proposed amendment states:

### XI

### VIOLATION OF THE PRUDENT MAN RULE

43. All other allegations are incorporated by reference.

44. At the time Exhibits F–1 and F–2 were executed by the HMF Trustees (June and August, 1989), the Defendants knew or should have know that The Julien Company was already in a highly precarious financial condition, if not insolvent.

45. Under these circumstances the loan of funds by HMF Trust to The Julien Company in the summer of 1989 on an unsecured basis was grossly negligent, reckless, and a violation of the Prudent Man Rule.

Rule 15.01, Tenn.R.Civ.P., provides in part:

*15.01. Amendments.*–A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, he may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and *leave shall be freely given when justice so requires. . . .* (Emphasis added).

In *Branch v. Warren,* 527 S.W.2d 89 (Tenn.1975), Justice Henry discussed the effect of Rule 15.01, Tenn.R.Civ.P.:

The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge. Indeed, the statute (§ 20–1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what it says, that "leave shall be freely given."

527 S.W.2d at 91, 92.

In *Craven v. Lawson,* 534 S.W.2d 653, 655 (1976), then Chief Justice Fones stated:

Rule 15 tells trial judges that leave to amend shall be freely given when justice so requires.

■ Although amendments to the pleadings lie within the discretion of the trial court, the rule mandates the allowance of amendments if justice requires. The case at bar was being considered in the trial court under a motion to dismiss for failure to state a claim, which is even more reason why a motion to amend should be allowed. The case had not been set for trial, and granting of the motion to amend would not in any way delay the case or otherwise prejudice the defendants, except insofar as the claim itself might prevail. Under the circumstances of this case, we feel that the trial court erred in denying leave to amend.

The last issue presented for review is whether the trial court erred in denying plaintiff's motion for partial summary judgment.

It is obvious the trial court denied this motion because it had previously ruled that the complaint should be dismissed for failure to state a claim. Plaintiff argues in connection with the first issue presented for review that there were disputed issues

of fact concerning the authority of the trustees to transfer trust assets to Bankers Trust. If the trust assets were properly transferred to Bankers Trust, there would be no conversion on the part of Bankers Trust, and, if there are disputed issues of fact as to the authority of the trustees, a summary judgment motion could not be granted. Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56.03, Tenn.R.Civ.P. This issue is without merit.

The orders of the trial court dismissing plaintiff's complaint and denying plaintiff leave to amend are vacated and plaintiff is allowed to amend the complaint by adding Count XI thereto. The order denying plaintiff partial summary judgment is affirmed.

The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellee.

HIGHERS and FARMER, JJ., concur.