IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 18, 2010 Session

# WARREN A. HAKANSON, ET AL. v. JUDITH K. HOLLAND, TRUSTEE OF THE G.W. HAKANSON LIVING TRUST, ET AL.

### Appeal from the Chancery Court for Sullivan County
### No. C0017133      E.G. Moody, Chancellor

### No. E2009-01401-COA-R3-CV - FILED JULY 16, 2010

Warren A. Hakanson and Sylvia Harris sued Judith K. Holland both as Trustee of the G.W. Hakanson Living Trust dated November 19, 1996 ("the Trust"), and individually, seeking, among other things, to have Ms. Holland removed as Trustee and to have the Trust correctly administered. The case was tried, and the Trial Court entered an order finding and holding, *inter alia*, that the Trust, as written, did not comport with the intent of G.W. Hakanson, that Ms. Holland had proposed a distribution which she believed met G.W. Hakanson's intent, that Ms. Holland remain as Trustee, and that prior distributions to Mr. Hakanson and Ms. Harris should be added back into the Trust with Mr. Hakanson and Ms. Harris each to receive $247,800 from the Trust and then the remaining Trust assets divided equally three ways with Mr. Hakanson, Ms. Harris, and Ms. Holland each to receive one-third. Mr. Hakanson and Ms. Harris appeal to this Court. We reverse, in part, finding and holding that there is no ambiguity in the written Trust and that the Trust shall be distributed in accordance with its clear written directions. We affirm the remainder of the Trial Court's order.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed, in part; Affirmed, in part; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

William S. Lewis, and Steven C. Huret, Kingsport, Tennessee, for the appellants, Warren A. Hakanson and Sylvia Harris.

Thomas A. Peters, Kingsport, Tennessee, for the appellees, Judith K. Holland, Trustee of the G.W. Hakanson Living Trust, and Judith K. Holland, individually.

# OPINION

## Background

Mr. Hakanson, Ms. Harris, and Ms. Holland are the three adult children of G.W. Hakanson ("Deceased") who died in May of 2007 at the age of ninety-one. After Deceased's death, Ms. Holland became Trustee of the Trust. The parties disagreed as to the distribution of the Trust, and Mr. Hakanson and Ms. Harris filed this suit.

In pertinent part, Article Six of the Trust provides for the distribution of Copper Creek Farms, FLP upon Deceased's death but specifically states:

> If the property making up the specific distribution set forth in this Article is not part of the trust property at the time the specific distribution is to be made or will not become a part of the trust property within a reasonable time my Trustee shall disregard that specific distribution.

Article Eight of the Trust provides, in pertinent part:

**Section 1. Division of Trust Property Into Shares**

My Trustee shall divide all trust property not previously distributed into separate shares of equal market value as follows:

**a. One Share for Each Living Child**

My Trustee shall create one share for each of my then living children.

* * *

**Section 2. Distribution of Trust Shares for My Living Children**

The trust share of each of my children who survive me shall be held, administered and distributed as follows:

**a. Distribution of Net Income and Principal**

My Trustee shall promptly distribute, free of the trust, all accumulated net income and principal of the trust share to each

of my living children who survive me; provided, however, that the share for my daughter, Judith K. Holland, and her descendants shall be reduced by Two Hundred Forty-seven Thousand Eight Hundred Dollars ($247,800) for advancements she has received from me over the years and as a specific distribution under Article Six of this Trust. If Judith K. Holland's share of the Trust is Two Hundred Forty-seven Thousand Eight Hundred Dollars ($247,800) or less, then she and her descendants shall receive nothing under this Article and the trust property shall be divided among my other children and descendants as provided in this Article Eight.

The case was tried without a jury, and the Trial Court entered its Opinion and Order on June 1, 2009. As the operative facts in the case are not in dispute, we quote verbatim the facts as found by the Trial Court in its June 1, 2009 order:

1. On November 19, 1996, [Deceased] executed the G.W. Hakanson Living Trust. (Exhibit 6)

2. The Parties are the only children and the sole heirs of [Deceased].

3. [Deceased] was the initial Trustee of the Trust and upon his death on May 16, 2007, the Defendant, Judith K. Holland, was appointed Trustee.

4. The undisputed testimony of the Parties and Sherry Dougherty, the attorney who prepared the Living Trust Agreement, was that the Settlor, [Deceased], intended that all three of his children share equally in his property at his death.

5. [Deceased] created Copper Creek Farms, Family Limited Partnership, on December 3, 1996 a few weeks after he signed the Trust.

6. [Deceased] transferred all ownership units in Copper Creek Farms, FLP, to Judith Holland and her husband, Harold Holland, prior to his death.

7. The Trust Agreement directed that the Settlor's interest in Copper Creek Farms, FLP, be distributed to Harold D. Holland and Judith K. Holland, equally.

8. The Trust Agreement provided that Judith K. Holland's share of the

-3-

Trust assets was to be reduced by the sum of $247,800.00, the value [Deceased] attributed to Copper Creek Farms, FLP, as the result of an appraisal.

9. The reference in the Trust to the advancements Judith K. Holland had received over the years was a reference to his annual disbursements of the family limited partnership units to Judith Holland and her husband, Harold Holland.

10. On January 24, 2008, the Trustee, Judith K. Holland, made a distribution of $100,000 each to Warren Hakanson and Sylvia Harris from the Trust assets.

11. The Defendant, Judith K. Holland, has not received any distribution from the Trust assets.

12. On or about March 24, 2003, [Deceased] established an annuity account with AIG, naming the Plaintiffs, Sylvia Harris and Warren Hakanson, beneficiaries.

13. The value of the AIG Annuity was $172,730.79 on June 11, 2007 when it was distributed to Sylvia Harris and Warren Hakanson, equally. (Exhibit 5).

14. Neither Copper Creek Farms, FLP, nor the AIG Annuity were held by the G.W. Hakanson Living Trust at the time of his death.

15. After the death of [Deceased], his attorney, Sherry Dougherty, prepared a recapitulation of his estate with a proposed distribution of assets. (Exhibit 2).

16. In her recapitulation, Attorney Dougherty included the value of the AIG Annuity, which had already been distributed and which was not part of the Trust, and the assigned value of Copper Creek Farms, FLP, which had already been distributed and which was not part of the Trust. After dividing that amount by three, she arrived at an amount for each child's proposed share.

17. Her proposed distribution was derived by taking from Judith H. [sic] Holland's share the value of Copper Creek Farms, FLP, which she had previously received; and from Warren Hakanson's and from Sylvia Harris'

share the value of one-half (½) of the AIG Annuity which they had previously received.

18. Attorney Dougherty admitted that adding the value of the farm and the AIG Annuity into the total, and then subtracting those values from the distribution of the recipient, was not in strict conformity with the plain wording of the Trust but was based upon her knowledge of the intent of [Deceased] that each child receive an equal share of his property when he executed his Trust Agreement.

19. All of the parties testified that [Deceased] established the AIG Annuity and named Sylvia Harris and Warren Hakanson as beneficiaries in order to offset the appreciation in the value of Copper Creek Farms.

In its June 1, 2009 order the Trial Court further found and held, *inter alia*:

Under a strict reading of the Trust, the value of Copper Creek Farms, FLP, and the value of the AIG Annuity would not be part of the Trust assets, thereby leaving the sum of approximately $622,856 which when divided equally would be $207,618 to each of the three children. $207,618 is less than the $247,800 already received by Judith K. Holland, so she would receive $0.00 of the distribution of the Trust while her brother and sister would each receive $311,428, resulting in $397,793.40 each to Sylvia Harris and Warren Hakanson after adding the annuity in and $247,800 to Judith K. Holland. This is the distribution proposed by the Plaintiffs.

This unequal distribution was not the intent of the Settlor.

* * *

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:**

1. That Judith K. Holland shall remain as Trustee of the G.W. Hakanson Living Trust dated November 19, 1996.

2. That Attorney Sherry Dougherty submit, in accordance with rules of the this [sic] Court, her petition for attorney's fees which shall be paid from the Trust funds prior to distribution.

3. That the Trustee distribute the assets of the Trust, after deduction of

Sherry Dougherty's attorney fees, by adding the prior distributions to Sylvia Harris and Warren Hakanson back to the assets allocating $247,800 to Sylvia Harris and Warren Hakanson and equally dividing the remainder among all three children.

4. That the Parties shall each be responsible for payment of their respective discretionary costs and attorney's fees.

5. The costs of this cause are taxed against the Trust.

Mr. Hakanson and Ms. Harris appeal to this Court.

## Discussion

Although not stated exactly as such, Mr. Hakanson and Ms. Harris raise four issues on appeal: 1) whether the Trial Court erred in construing the Trust based on parol evidence when there was no allegation or finding of ambiguity, fraud, accident, or mistake; 2) whether the Trial Court erred in not removing Ms. Holland as Trustee; 3) whether the Trial Court erred in assigning an incorrect value to Copper Creek Farms, FLP; and, 4) whether the Trial Court erred in failing to order Ms. Holland to pay attorney's fees, costs, and expenses.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first consider whether the Trial Court erred in construing the Trust based on parol evidence when there was no allegation or finding of ambiguity, fraud, accident, or mistake. As this Court has explained:

Trust instruments are interpreted similarly to contracts, deeds, or wills. *Marks v. Southern Trust Co.*, 203 Tenn. 200, 205, 310 S.W.2d 435, 437-38 (1958). Determining the settlor's intent is important and may be easily done by looking to the four corners of the trust instrument. *Marks v. Southern Trust Co.*, 203 Tenn. at 205, 310 S.W.2d at 438. Unless the trust instrument is ambiguous or allegations of fraud, accident or mistake have been made, parol evidence or evidence of surrounding facts and circumstances that contradicts

or varies the terms of a written instrument may not be considered. *HMF Trust v. Bankers Trust Co.*, 827 S.W.2d 296, 299 (Tenn. Ct. App. 1991); *Brown v. Brown*, 45 Tenn. App. 78, 95, 320 S.W.2d 721, 728 (1959).

*In re: Estate of Marks*, 187 S.W.3d 21, 28 (Tenn. Ct. App. 2005).

The Trial Court did not find any ambiguity in the written Trust. Nor do we. Noticeably, the Trial Court even commented on the "plain wording of the Trust …." Furthermore, there were no allegations of fraud, accident, or mistake, and the Trial Court did not find any fraud, accident, or mistake. Given all this, we must interpret the Trust document as written.

There is no dispute that neither Copper Creek Farms, FLP nor the AIG Annuity were assets of the Trust at the time of Deceased's death. As such, under the clear, plain and unambiguous language of the Trust, neither Copper Creek Farms, FLP nor the AIG Annuity were subject to distribution under the Trust and neither should have been included in such calculations.

The Trust clearly and unambiguously provides that the Trustee shall create one share for each of Deceased's living children and that:

> My Trustee shall promptly distribute, free of the trust, all accumulated net income and principal of the trust share to each of my living children who survive me; provided, however, that the share for my daughter, Judith K. Holland, and her descendants shall be reduced by Two Hundred Forty-seven Thousand Eight Hundred Dollars ($247,800) for advancements she has received from me over the years and as a specific distribution under Article Six of this Trust. If Judith K. Holland's share of the Trust is Two Hundred Forty-seven Thousand Eight Hundred Dollars ($247,800) or less, then she and her descendants shall receive nothing under this Article and the trust property shall be divided among my other children and descendants as provided in this Article Eight.

As the Trial Court stated:

> Under a strict reading of the Trust, the value of Copper Creek Farms, FLP, and the value of the AIG Annuity would not be part of the Trust assets, thereby leaving the sum of approximately $622,856 which when divided equally would be $207,618 to each of the three children. $207,618 is less than

the $247,800 already received by Judith K. Holland, so she would receive $0.00 of the distribution of the Trust while her brother and sister would each receive $311,428, ….

This distribution would comply with the clear and unambiguous written language of the Trust document. We note that the dollar amounts as given by the Trial Court are approximate, in part because Ms. Dougherty's attorney's fee shall be paid from the Trust prior to distribution, and the Trial Court taxed costs to the Trust, which shall be paid from the Trust prior to distribution. We reverse that portion of the Trial Court's order distributing the Trust assets and remand this case to the Trial Court for exact calculation of the distribution using a strict reading of the clear and unambiguous Trust language.

We next consider whether the Trial Court erred in not removing Ms. Holland as Trustee. Mr. Hakanson and Ms. Harris argue on appeal that Ms. Holland breached her fiduciary duty and her duty of loyalty to the Trust beneficiaries.

The Trial Court did not find any breach of either fiduciary duty or the duty of loyalty. The evidence does not preponderate against these implicit findings by the Trial Court. While Ms. Holland was in error as to the proper distribution under the Trust, as was the Trial Court, such error, by itself, does not rise to a breach of fiduciary duty or the duty of loyalty. Furthermore, the argument made by Mr. Hakanson and Ms. Harris rests upon the allegation that Ms. Holland breached her duties when she refused to distribute the Trust assets in compliance with the plain language of the Trust. As we already have held that the Trust assets are to be distributed in accordance with the clear and unambiguous language of the Trust document as discussed fully above, this argument is rendered moot. We find no error in the Trial Court's refusal to remove Ms. Holland as Trustee.

The issue raised regarding the valuation of Copper Creek Farms, FLP is moot given our disposition of the first issue regarding the construction of the Trust document. Copper Creek Farms, FLP is not a trust asset and, therefore, need not be valued for purposes of this suit.

Finally, we consider whether the Trial Court erred in failing to order Ms. Holland to pay attorney's fees, costs, and expenses. We review a trial court's decision regarding attorney's fees for abuse of discretion. *Duke v. Simmons*, No. M2008-01967-COA-R3-CV, 2009 Tenn. App. LEXIS 174, at *9 (Tenn. Ct. App. April 30, 2009), *no appl. perm. appeal filed*. As this Court has explained:

Our Supreme Court discussed the abuse of discretion standard in *Eldridge v. Eldridge*, stating:

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Appellate courts ordinarily permit discretionary decisions to stand when reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). A trial court's discretionary decision must take into account applicable law and be consistent with the facts before the court. *Id*. When reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Id*.

*Delapp v. Pratt*, 152 S.W.3d 530, 538 (Tenn. Ct. App. 2004).

Reasonable minds could disagree as to the Trial Court's decision not to order Ms. Holland to pay attorney's fees, costs, and expenses, the very essence of a discretionary decision. We will not substitute our judgment for that of the Trial Court. We affirm the Trial Court's refusal to order Ms. Holland to pay attorney's fees, costs, and expenses.

We reverse the Trial Court's distribution of the Trust assets and remand this case to the Trial Court for distribution of the Trust in compliance with the clear and unambiguous language of the Trust document and this Opinion. We affirm the remainder of the Trial Court's June 1, 2009 order.

## **Conclusion**

The judgment of the Trial Court distributing the assets of the Trust is reversed, and this cause is remanded for distribution of the Trust in compliance with the written Trust document and this Opinion, and for collection of the costs below. The remainder of the judgment of the Trial Court is affirmed. The costs on appeal are assessed against the appellee, Judith K. Holland as Trustee of the G.W. Hakanson Living Trust and individually.

_____
D. MICHAEL SWINEY, JUDGE