IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 13, 2022 Session

## SAMMYE M. BROCK ET AL. v. BENJAMIN GARRISON BROCK

**Appeal from the Chancery Court for Hamilton County**
**No. 20-0421  Jeffrey M. Atherton, Chancellor**

———————————————————

### No. E2021-00363-COA-R3-CV

———————————————————

This appeal concerns the interpretation of a last will and testament, which provided for the creation of a trust. The decedent's wife is the current income beneficiary of the trust, with the decedent's son being a remainder beneficiary. The son requested an accounting of the trust financials, to which the trustees of the trust responded that the son was not entitled to receive them. The trustees filed a complaint for declaratory judgment asking the trial court to instruct the parties whether the son was entitled to the information he requested. The son subsequently filed a counterclaim asking that the trustees be required to provide him with the information he requested and alleging breach of trust by the trustees. The Trial Court granted the trustees' motion for judgment on the pleadings after finding that the son was a remainder beneficiary and not a current income beneficiary of the trust and, therefore, was not entitled to financial information regarding the trust. The Trial Court found that the language in the decedent's last will and testament was intended to override the reporting requirements of Tenn. Code Ann. § 35-15-813(a) and limit the trustees' statutory obligation of reporting to qualified beneficiaries. In doing so, the Trial Court determined that the trustees were not required to provide the son with reports or other financial information concerning the trust. The Trial Court denied the son's motion for judgment on the pleadings. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Christopher E. Thorsen, Nashville, Tennessee, for the appellant, Benjamin Garrison Brock.

Alan L. Cates, Samantha A. Lunn, and Madeline E. Leonard Phifer, Chattanooga, Tennessee, for the appellees, Sammye M. Brock and William B. Sansom.

# OPINION

## Background

J. Don Brock ("Decedent") died in March 2015, and his estate was distributed pursuant to his Last Will and Testament (the "Will"), which is the instrument creating the trust at issue. Decedent had executed the Will in October 2013. At the time of his death, Decedent was married to Sammye M. Brock, his surviving spouse ("Wife"). The Will established a marital trust ("the Trust") in order to provide income to Wife during her lifetime. Wife is the current income beneficiary of the Trust. The Will provides that following Wife's death, the remaining assets of the Trust would be distributed between four beneficiaries, one of which is the appellant, Benjamin Brock ("Son").[1] Son is a 50% remainder beneficiary of the Trust, with three other individuals sharing an equal interest of the residual 50% remainder of the Trust. Wife and William B. Sansom (collectively, the "Trustees") were appointed as co-trustees of the Trust.[2]

The relevant provisions of the Will are as follows:

7        MARITAL TRUST

* * *

7.6    Income distribution. The entire net income of each trust administered hereunder shall be distributed currently to or applied for the benefit of my spouse during my spouse's lifetime. The distribution of income shall be made at least annually, or more frequently if my spouse so requests. My spouse may at any time upon written request withdraw any undistributed income of any trust administered hereunder.

7.7 Encroachment on principal. The trustee may pay to or apply for the benefit of my spouse all or any portion of the principal of any trust administered hereunder as the trustee deems necessary or advisable for the health, maintenance, and support of my spouse. In making such payments, the trustee is requested to take into consideration my spouse's separate estate

---

[1] Prior to the remainder of the trust being distributed, Wife possessed a limited power of appointment in the Will and was permitted to designate $2,500,000 of the principal of the trust that upon Wife's death would be distributed or placed in trust for the benefit of one or more of Decedent's and Wife's children or their descendants.

[2] Another individual was initially appointed under the Will as co-trustee with Wife; however, upon his resignation as co-trustee, Mr. Sansom was appointed.

and other financial resources. I request that the trustee make such distributions from any non-exempt marital trust hereunder before invading the principal of any exempt marital trust hereunder.

* * *

7.11  Final distribution. At the death of my spouse should my spouse have survived me, the remainder of the principal of the Marital Trust (and such portion of its principal as is not otherwise disposed of under the limited power of appointment granted to my spouse in the paragraph above entitled "Limited power of appointment,") shall be apportioned of as follows.

(a) 16 2/3% to Christie, *per stirpes*;
(b) 16 2/3% to Devin, *per stirpes*;
(c) 16 2/3% to Beth, *per stirpes*; and
(d) 50% to Ben [Son], *per stirpes*.

If such child should predecease the survivor of me and my spouse without surviving descendants then living at the death of the last of me and my spouse to die, such child's share shall lapse and be distributed among the surviving children named above, *per stirpes*, in the proportions set forth above.

* * *

13      OFFICE OF THE FIDUCIARY

* * *

13.4  Reports. The fiduciary shall not be required to make any inventory or appraisal of the assets of my estate or any trust or to file reports, inventories or settlements with any court.  However, the fiduciary shall upon written request at reasonable intervals render to each then current income beneficiary of my estate or the trust estate, or to the natural or legal guardian of the beneficiary, full statements of all receipts and disbursements and a schedule of all assets and liabilities of the trust or my estate.

In October 2019, counsel for Son sent a letter to the Trustees, which reflects that Son had received copies of the semiannual statements showing "the asset allocation for accounts of the Estate and Marital Trusts."  In his letter, counsel for Son found these statements inadequate because they had not shown the distributions being made from the Trust or explained the changes in value of the assets.  Son's counsel, therefore, requested further information regarding administration of the estate, including "more complete account statements showing increases and decreases in the value of the assets, the amount

of any distributions from the accounts, and breakdown of whether the distributions are from income or principal," as well as identification of the source of income for the Trust and income tax returns for the estate and the Trust.

Counsel for the Trustees sent a responsive letter concerning Son's request in November 2019, explaining the contents of Decedent's Will and the Trust and informing him that he is not entitled to the information he had requested because he is a residuary beneficiary and not a current income beneficiary. Counsel stated that reports concerning the Trust's asset allocation had been voluntarily provided to Son by the Trustees but was not required under the terms of Decedent's Will establishing the Trust or the Tennessee Trust Code. The Trustees stated that as of the day of the letter, they intended to continue voluntarily providing the residuary beneficiaries of the Trust with semiannual reports but reserved the right to change that decision at any time.

In January 2020, counsel for the Trustees sent a letter to Son's counsel, informing him that they had withdrawn from representation of the Trustees in the adversarial dispute that had arisen between Son and one or more of the Trustees. Following the withdrawal letter, counsel for Son sent a subsequent letter in February 2020 directly to the Trustees reiterating Son's request for information on the Trust and estate and requesting contact information for the Trustees' new counsel. Subsequently, newly-retained counsel for the Trustees sent a letter to Son's counsel in March 2020, incorporating and adopting the position stated in the previous November 2019 letter and reiterating that the Trustees had no reporting obligation to Son under the terms of the Will and that Son possessed no authority to demand the information he was seeking to obtain.

In June 2020, counsel for Son sent a letter stating that the reporting section of the Will did not expressly override the reporting requirements of Tenn. Code Ann. § 35-15-813 and simply stated that "no inventories, appraisals, reports or settlements are required to be filed in court." According to Son, the Will expressly provides that those such reports must be made to the current income beneficiary but did not exclude the requirement in Tenn. Code Ann. § 35-15-813 that reports be made to all qualified beneficiaries upon request.

Subsequently, the Trustees filed a complaint for declaratory judgment, stating that a controversy had arisen and asking the Trial Court to "instruct them and declare whether the Trustees are required under the Will and/or pursuant to Tenn. Code Ann. § 35-15-813 to provide the requested information about the financial affairs of the Trust to [Son]." The Trustees attached to the complaint copies of the Will, the October 2019 letter, the November 2019 letter, and the March 2020 letter.

Son filed an answer to the complaint that included a counterclaim requesting the Trial Court to "declare that the Trustees are required, pursuant to Tenn. Code Ann. § 35-15-813(a), to provide the Requested Trust Information from the inception of the Trust to

the present and going forward on at least an annual basis." Son further alleged a counterclaim of breach of trust on the part of the Trustees for refusing to provide Son with the requested information on the Trust. He attached to his answer and counterclaims the November 2019 letter, the January 2020 letter, the February 2020 letter, the March 2020 letter, and the June 2020 letter. The Trustees filed an answer to Son's counterclaims, denying that they were required to provide Son with the information he requested or that they had breached their duty of trust.

Both parties filed their respective motions seeking a judgment on the pleadings in their favor, pursuant to Tenn. R. Civ. P. 12.03, accompanied by memorandums of law in support of their respective motions. The Trial Court conducted a telephonic hearing on the pending motions in February 2021. The Trial Court subsequently entered an order in March 2021 regarding the parties' respective motions seeking judgment on the pleadings filed pursuant to Tenn. R. Civ. P. 12.03. In its order, the Trial Court recognized that Wife is the current income beneficiary of the Trust and that Son is a remainder beneficiary of the Trust, not a current income beneficiary. The Trial Court found that "on its face, the language used in Paragraph 13.4 of Decedent's Will intended to override the reporting requirements of Tenn. Code Ann. § 35-15-813(a)(2)." According to the Trial Court, Decedent intended that the language at issue be "limiting" of the reporting requirements, rather than expanding the Trustees' reporting obligation to include additional duties for the current income beneficiaries. The Trial Court, therefore, granted Trustees' motion for judgment on the pleadings and denied Son's motion. The Trial Court also entered a separate judgment, finding in favor of the Trustees and taxing all costs to Son. Son timely appealed to this Court.

## Discussion

Although not stated exactly as such, Son raises the following issue for our review on appeal: whether the Trial Court erred in its determination that Decedent's Will had overridden the reporting requirement in Tenn. Code Ann. § 35-15-813(a)(2) that the Trustees provide qualified beneficiaries with reasonable, requested information regarding trust activities when the reporting requirement was not expressly waived in the Will.

The Trial Court in this case resolved this matter upon its consideration of the parties' competing motions each seeking a judgment on the pleadings in their respective favor. Regarding our review of motions filed pursuant to Tenn. R. Civ. P. 12.03, this Court has stated:

> When reviewing orders granting a Tenn. R. Civ. P. 12.03 motion, we use the same standard of review we use to review orders granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. *Waller v. Bryan,* 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Accordingly, we must review the trial court's decision de novo without a presumption of correctness, *Stein v.*

*Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997), and we must construe the complaint liberally in favor of the non-moving party and take all the factual allegations in the complaint as true. We should uphold granting the motion only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief.

*Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003); *see also Franks v. Sykes*, 600 S.W.3d 908, 911 (Tenn. 2020).

Furthermore, concerning the interpretation of trust instruments, this Court has explained:

Trust instruments are interpreted similarly to contracts, deeds, or wills. *Marks v. Southern Trust Co.,* 203 Tenn. 200, 205, 310 S.W.2d 435, 437-38 (1958). Determining the settlor's intent is important and may be easily done by looking to the four corners of the trust instrument. *Marks v. Southern Trust Co.*, 203 Tenn. at 205, 310 S.W.2d at 438. Unless the trust instrument is ambiguous or allegations of fraud, accident or mistake have been made, parol evidence or evidence of surrounding facts and circumstances that contradicts or varies the terms of a written instrument may not be considered. *HMF Trust v. Bankers Trust Co.,* 827 S.W.2d 296, 299 (Tenn. Ct. App. 1991); *Brown v. Brown,* 45 Tenn. App. 78, 95, 320 S.W.2d 721, 728 (1959).

*In re: Estate of Marks,* 187 S.W.3d 21, 28 (Tenn. Ct. App. 2005). With regard to interpretation of contracts, this Court has elucidated:

In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998)); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*, 78 S.W.3d at 890. The parties' intent is presumed to be that specifically expressed in the body of the contract. "In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed

in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy." *Id*. (quoting 17 Am.Jur.2d, *Contracts*, § 245).

This Court's initial task in construing the [contract] at issue, as was the Trial Court's, is to determine whether the language of the contract is ambiguous. *Planters Gin Co.*, 78 S.W.3d at 890. If the language is clear and unambiguous, the literal meaning of the language controls the outcome of the dispute. *Id*. A contract is ambiguous only when its meaning is uncertain and may *fairly* be understood in more than one way. *Id.* (emphasis added). If the contract is found to be ambiguous, we then apply established rules of construction to determine the intent of the parties. *Id*. Only if ambiguity remains after applying the pertinent rules of construction does the legal meaning of the contract become a question of fact. *Id*.

* * *

It is not the role of this Court "to make a different contract than that executed by the parties." *Posner v. Posner*, No. 02A01-9710-CV-00249, 1997 WL 796216, at *2-3, 1997 Tenn. App. LEXIS 930, at *6 (Tenn. Ct. App. Dec. 30, 1997), *no appl. perm. appeal filed. See also, e.g., Central Drug Store v. Adams*, 184 Tenn. 541, 201 S.W.2d 682 (1947). "In the absence of fraud or mistake, a contract must be interpreted and enforced as written even though it contains terms which may be thought to be harsh or unjust." *Tenpenny v. Tenpenny*, No. 01-A-01-9406-CV-00296, 1995 WL 70571, at *6, 1995 Tenn. App. LEXIS 105, at *15 (Tenn. Ct. App. Feb. 22, 1995), *appl. perm. appeal denied July 3, 1995*.

*Quebecor Printing Corp. v. L & B Mfg. Co.*, 209 S.W.3d 565, 578-81 (Tenn. Ct. App. 2006).

The Tennessee Uniform Trust Code, located at Tenn. Code Ann. § 35-15-101 *et seq.*, was enacted in 2004 as "a comprehensive code to govern trusts." *Tennessee Div. of United Daughters of the Confederacy v. Vanderbilt Univ.*, 174 S.W.3d 98, 113 n.18 (Tenn. Ct. App. 2005). With some exceptions not relevant in this appeal, Tenn. Code Ann. § 35-15-105 (2021) provides that the "terms of a trust may expand, restrict, eliminate, or otherwise vary the duties and powers of a trustee, any such other fiduciary, relations among any of them, and the rights and interests of a beneficiary."

The reporting requirements in Tenn. Code Ann. § 35-15-813 are at issue in this appeal. Tenn. Code Ann. § 35-15-813(a)(2) (2021) provides in pertinent part:

Unless unreasonable under the circumstances, a trustee shall respond in a

reasonable amount of time to a qualified beneficiary's request for information related to the administration of the trust. Additionally, a qualified beneficiary shall reimburse the trustee for any reasonable expenses incurred in responding to requests for information.

Subsection (e) of Tenn. Code Ann. § 35-15-813 provides a mechanism for a settlor of a trust to create a "quiet" or "silent" trust. *See* Tenn. Code. Ann. § 35-15-813, 2013 cmt. The version of subsection (e) in effect when Decedent executed his Will and when the complaint was filed in this matter provides as follows:

Subsections (a) and (b) shall not apply to the extent that the terms of the trust provide otherwise or the settlor of the trust, or a trust protector or trust advisor under part 12 that holds the power to so direct, directs otherwise in a writing delivered to the trustee.

Tenn. Code Ann. § 35-15-813(e) (2015).

In this case, Son argues on appeal that Decedent did not intend to override or alter the Trustees' statutory duty to report to the qualified beneficiaries as required by Tenn. Code Ann. § 35-15-813(a)(2) but that Decedent intended to expand the reporting requirements for current income beneficiaries. According to Son, Paragraph 13.4 regarding the current income beneficiaries is more detailed and specific than the statutory language in Tenn. Code Ann. § 35-15-813(a)(1) and "gives the Trustees much more direction and provides the then-current income beneficiary with more detailed information than the statute requires by its generic terms."[3] Son further reasons that had Decedent intended to override the statutory reporting requirements for qualified beneficiaries, he could have expressly stated so in the trust instrument.

Regarding the trustee's reporting requirements, Decedent included Paragraph 13.4 in his Will as follows:

Reports. The fiduciary shall not be required to make any inventory or appraisal of the assets of my estate or any trust or to file reports, inventories or settlements with any court. However, the fiduciary shall upon written request at reasonable intervals render to each then current income beneficiary of my estate or the trust estate, or to the natural or legal guardian of the beneficiary, full statements of all receipts and disbursements and a schedule of all assets and liabilities of the trust or my estate.

---

[3] Tenn. Code Ann. § 35-15-813(a)(1) provides in pertinent part as follows: "A trustee shall keep the beneficiaries of the trust who are current mandatory or permissible distributees of trust income or principal, or both, reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests."

It is undisputed that Son is a "qualified beneficiary" as defined in Tenn. Code Ann. § 35-15-103(24) and would be entitled to obtain information related to the trust pursuant to Tenn. Code Ann. § 35-15-813(a)(2). Wife is the current income beneficiary of the trust; Son is not. The reporting provision in Decedent's Will is silent as to the statutory term "qualified beneficiary" and further does not include reference to the remainder beneficiaries. After removing the Trustees' responsibility of preparing inventories or appraisals of the trust assets and their reporting obligation to the courts, the following sentence in Paragraph 13.4 of the Will begins with the word, "[h]owever," and states that Trustees have an obligation to provide financial reports "to each then current income beneficiary," upon written request. Son argues that because the Will specifically stated that the Trustees shall provide "full statements of all receipts and disbursements and a schedule of all assets and liabilities of the trust or my estate" to the current income beneficiaries that Decedent intended only to expand the requirements of Tenn. Code Ann. § 35-15-813 as to the current income beneficiaries. We, as did the Trial Court, disagree with Son's interpretation of Paragraph 13.4 of the Will.

Paragraph 13.4 of the Will is unambiguous, and it is not necessary to look outside the four corners of the trust instrument in construing this provision. The reporting provision in the Will clearly intends to limit the reporting obligation of the Trustees only to requests by the current income beneficiaries. Son urges this court to interpret Tenn. Code Ann. § 35-15-813(e) to require that the statutory reporting requirements must be explicitly overridden by language in the trust instrument. However, that is not what Tenn. Code Ann. § 35-15-813(e) requires. Subsection (e) necessitates only that a written trust instrument "provide otherwise" in order to modify the statutory reporting requirements applicable to the trust. Clearly, Decedent provided otherwise in his Will creating the Trust by limiting the Trustees' reporting obligation to only current income beneficiaries. We determine that the Trial Court correctly ascertained Decedent's intent in developing the trust reporting requirements. Son's position reflects a desire for the Trial Court to ignore Decedent's intent and hold that Decedent was required to explicitly override the statute at issue. We hold that Tenn. Code Ann. § 35-15-813(e) does not require a settlor to explicitly override the statutory requirements but instead requires only that the trust "provide otherwise." In this case, Decedent provided otherwise in the trust instrument. Son, as a remainder beneficiary, is not entitled to the financial reports that he had requested, pursuant to the terms of the Trust. Finding no error by the Trial Court, we affirm.

## Conclusion

Based on the foregoing, the Trial Court's judgment is affirmed in all respects. We remand to the Trial Court for collection of the costs assessed below. Costs on appeal are assessed to the appellant, Benjamin Garrison Brock, and his surety, if any.

_____

D. MICHAEL SWINEY, CHIEF JUDGE