IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 6, 2010 Session

# WISE CONSTRUCTION, LLC, ET AL. v. THOMAS BOYD, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 05-0477    W. Frank Brown, III, Chancellor**

_____

**No. E2009-01899-COA-R3-CV - Filed March 14, 2011**

_____

This appeal involves a home construction dispute between an LLC contractor and the homeowners. The contractor entered into a written contract with the homeowners for the construction of a 6000 square foot home. Upon the relationship between the parties becoming strained, the homeowners claim the contractor told them to find another builder. The contractor contends it was fired from the project. The instant action was commenced by the contractor to enforce a lien. The trial court found in favor of the contractor. The homeowners appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., joined and D. MICHAEL SWINEY, J., filed separate dissenting opinion.

William G. Colvin, Chattanooga, Tennessee, for the appellants, Thomas A. Boyd and Lori Boyd.

William T. Alt, Chattanooga, Tennessee, for the appellees, Wise Construction, LLC and John Wise, III.

**OPINION**

**I. BACKGROUND**

John Wise, III formed "Wise Construction, LLC" (collectively "the Contractor") in

1998. The LLC[1] applied for a general contractor's license with the Tennessee Contractors Licensing Board in 1998. Mr. Wise took the licensing exam and is the "qualifying agent" for the LLC's license. Wise Construction, LLC's contractor license number is 041427. The homeowners with whom the Contractor has a dispute are Tom and Lori Boyd ("the Boyds").

## THE CONSTRUCTION CONTRACT

Prior to entering into the construction contract at issue, the Boyds and Mr. Wise had a purely social relationship; they had met playing tennis. Upon the Boyds learning that Mr. Wise was a builder and Mr. Wise learning that the Boyds desired to construct a house, the parties began discussing house plans. Eventually, a contract was signed on September 16, 2003. Construction began on October 1, 2003.

The construction contract at issue was a form from a homebuilders association. Mr. Wise filled in the blanks. The name "Wise Construction, LLC" does not appear anywhere on the contract; no LLC is named at all. The signature block for the "CONTRACTOR" is signed "John S. Wise, III" with no designation of any representative capacity or other entity identified. Immediately below that word appears a line labeled "Contractor License #" and there has been written in the numbers: 041427. In two other places on the contract, the name "Wise Construction" (without the LLC designation) is written in as the contractor. For instance, in paragraph 9, there has been inserted in handwriting adjacent to the printed word "Contractor": "Wise Construction, 1023 Mtn. Creek Rd., Chatt., TN 37415."

The first payments for work performed under the contract were made payable to "John S. Wise, III," at his request. These payments were subsequently endorsed "John S. Wise, III." Payments were usually made payable to "Wise Construction Company" or "John Wise Construction Company." While no payments were made payable to "Wise Construction, LLC," most were endorsed "Wise Construction LLC."

As for the change orders, the name "Wise Construction, LLC" does not appear anywhere on any of them. Each of the change orders that are typewritten shows a signature line titled "Contractor" signed "John S. Wise, III," without any designation or indication that such signature is in any representative capacity. On occasion, Mr. Wise sent faxes to the Boyds that do show the name "Wise Construction, LLC."

---

[1]A limited liability company is empowered "as an individual to do all things necessary or convenient to carry out its business." Tenn. Code Ann. §§ 48-212-101, 48-249-104(c).

The complaint in this case was filed on May 6, 2005, by Wise Construction, LLC[2] at 1023 Mountain Creek Road, Chattanooga, as the only plaintiff against the Boyds. Gateway Bank & Trust ("Gateway"), believed to have a construction deed of trust interest in the Boyds' property, was also named as a defendant. The complaint recited that the Boyds owed Wise Construction, LLC $116,942.

The Boyds filed their initial answer on June 30, 2005; at that time, they did not raise the question of the legal existence or capacity of Wise Construction, LLC to sue them for breach of contract and to enforce the mechanic's lien. In fact, on that same day, they moved to disqualify the attorneys for Wise Construction, LLC. The basis for the disqualification motion was that Wise Construction, LLC's then attorneys had represented it and the Boyds in a suit against a subcontractor relating to the payment of funds for work to be done on the Boyds' house. In Mr. Boyd's affidavit, dated July 29, 2005, he related that he advanced money to a Mr. Hale for installation of a spiral staircase in his home and had been made aware that Wise Construction, LLC had brought suit against Mr. Hale. In setting out his awareness as to the lawsuits in which he and Wise Construction, LLC were plaintiffs, Mr. Boyd relates that the spiral staircase is a "part of the lawsuit" that is the subject of this appeal. The Contractor observes it can be inferred that since Mr. Boyd knew Wise Construction, LLC had sued Mr. Hale regarding the spiral staircase in the house, that Wise Construction, LLC was the contractor for the house.

The Boyds' answer asserted a counterclaim citing breach of contract, negligent and intentional misrepresentation, and violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, et seq., by either Wise Construction, LLC or Mr. Wise individually. The Boyds alleged that the Contractor underbid the job and attempted to make up the difference using change orders, overcharged the Boyds on change order items, and used inferior materials in the construction of the house. They also contended that some of the changes included items or work that had been included in the original construction contract.

After the lawsuit was ongoing, Gateway subordinated its lien interest to a new lien claim. The new claimants to legal and equitable interests in the property were Crescent Mortgage Company ("Crescent"),[3] Old Republic Title Company of Tennessee ("ORTC"),

_____

[2]A membership interest in an LLC is personal property. A member has no interest in specific LLC property. All property transferred to or acquired by an LLC is property of the LLC itself. *See* Tenn. Code Ann. §§ 48-215-101(a), 48-249-104(c).

[3]Wells Fargo Bank, N.A., is the successor in interest to Crescent.

and Mortgage Electronic Registration Systems, Inc. ("MERS").[4]

After a period of about 23 months, the Boyds sought to amend their answer to contest who was their contracting partner. The trial court allowed the Boyds to amend their answer and discovery responses, but it did so with the caveat that it would consider the prior filings in addressing the issue of who was the contractor.

In the amended answer, the Boyds challenged the right of Wise Construction, LLC to file the lien. They alleged in a counterclaim that the construction contract identifies only Wise Construction, but was signed by Mr. Wise. The Boyds filed a third-party complaint against John S. Wise, III, claiming that Mr. Wise individually was solely the contracting party, not Wise Construction, LLC. The Boyds asserted that the contractor's license is not in Mr. Wise's name and that because he is not a licensed contractor, he is limited by law in his recovery, if any. They further claimed that Mr. Wise had committed "an unfair and deceptive practice under the TCPA by holding himself out to them as a licensed contractor."

A motion for partial summary judgment was eventually filed by the Boyds on the issue of who was the contracting party – Mr. Wise individually or Wise Construction, LLC. The motion specifically asserted that because Mr. Wise executed the contract individually, he is individually liable for any breach; Mr. Wise is not a licensed contractor; and, as an unlicensed contractor, Mr. Wise is limited in any recovery to only his actual documented expenses proven by clear and convincing evidence. The trial court denied the motion based on a finding that there were genuine issues of material fact outstanding.

Subsequently, Wise Construction, LLC and Mr. Wise individually filed motions for partial summary judgment as to all the non-contractual claims, in part on the grounds that the Boyds' claims under the TCPA were barred by the applicable one-year statute of limitations at Tenn. Code Ann. § 47-18-110.[5] The trial court ruled that the motions should be granted in part and denied in part, specifically holding that the claims under the TCPA were barred by the statute of limitations, which the court held began to run upon the filing of the original complaint. The trial court observed as follows:

---

[4]The terms of the deed of trust identify the trustee as ORTC acting for the named beneficiary, MERS, identified as the nominee for Crescent.

[5]The statute of limitations for the TCPA is found in Tenn. Code Ann. § 47-18-110 (Supp. 2010):

Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief.

[T]he Boyds knew, or had facts available to them by which they should have known, that Wise Construction claimed to be the contractor when it filed its notice of lien against the Boyds' real estate. A notice of lien was filed on March 30, 2005 and an amended notice was filed on May 4, 2005. Only by being the contractor could Wise Construction be able to file legally a claim of lien against the Boyds' real estate. Further, the Boyds were sued on May 6, 2005, by Wise Construction. The Boyds were served through counsel on May 9, 2005. Thus, Boyd[s] knew or should have known who claimed to be the contractor. However, the Boyds did not file their counterclaim and third-party complaint until May 15, 2007. The one year statute of limitation applicable to the TCPA had already long expired. As admitted, the Boyds could have checked the public records of Tennessee to determine the holder of the contractor's license for the contractor's number set forth on the parties' agreement of September 16, 2003. The Boyds could also have checked the records to determine at any time if Mr. Wise individually was a licensed contractor. Thus, it is not necessary to review the contractor's claim that the Boyds suffered no damages as a result of the contractor issue.

Further, the Boyds knew, or should have known, after November 14, 2005, that the change order price submitted to them for the steel deck was above the cost of the material sold to the contractor. A claim filed under the TCPA on this theory was filed about six months after the statute of limitation had already expired.

The trial in this matter lasted approximately nine days spread over nearly four weeks, beginning in March 2009. Ultimately, the trial court granted judgment in favor of Wise Construction, LLC and against the Boyds on all issues. On the claim that Mr. Wise individually was the contractor – not Wise Construction, LLC – the court held as follows:

Mr. Boyd thought he was dealing with some business entity of John Wise. He was. The contract lists Wise Construction as the contractor. Wise Construction, LLC's general contractor's license number is listed below the signature line. Wise Construction is the trade name for Wise Construction, LLC. The business obtained its license due, in part, to John S. Wise's passing the contractor's examination. The Boyds wrote seven checks to Wise Construction. At least 11 of 16 of the Boyds' checks were stamp-endorsed "Wise Construction, LLC." The omission of "LLC" from the contractor's name is not fatal. It is the court's view that the Boyds knew the exact identity of the contractor and admitted it. It was not until a very skilled attorney

became their new counsel and "spotted" the technicality was there any issue as to the contractor's identity.

The court holds that Wise Construction, LLC, was the general contractor for the Boyds' home. First, the contractor is listed as Wise Construction in the contract. Second, the general contractor's license number set forth on the contract under the contractor's signature line, belongs to Wise [C]onstruction, LLC. Third, Mr. Boyd though[t] he was dealing with a business of Mr. Wise.

Fourth, most of the Boyds' checks are written to Wise Construction. More of the checks, even the ones written by the Boyds to a variant of the contractor's name, are endorsed by Wise Construction, LLC. Fifth, when Mr. Boyd wanted to communicate formally with his contractor, he wrote to Mr. Wise at Wise Construction, LLC. If Mr. Boyd had just been dealing with Mr. Wise as an individual, then there was no need to list Wise Construction, LLC in the inside address portion of the formal letters. . . .

Sixth, the contractor filed two notices of liens in the name of Wise Construction, LLC. Seventh, the Complaint was filed by Wise Construction, LLC. . . . Eighth, the Boyds answered the Complaint and subsequent discovery that Wise Construction, LLC was the general contractor for their home. They later changed their answers and responses after changing attorneys. The Boyds would certainly be upset if the court denied them credit for the monies paid by check to a payee other than Wise Construction. Assuming the contractor would be [e]stopped from denying the payments made to John Wise, the Boyds paid $185,000.00 to named payees other than Wise Construction.

The Contractor was awarded a monetary judgment of $189,061.66; it included an award for a claimed balance due on the contract,[6] prejudgment interest,[7] and attorney's fees.[8] The trial court did find that Mr. Wise individually was "personally liable and responsible for the

---

[6]The principal balance due was found to be $87,015.25.

[7]The trial court held that the Contractor was entitled to 5% interest on the principal money due it by the Boyds from May 18, 2007, until judgment – interest for two years and 17 days. The prejudgment interest award was $17,808.34.

[8]The trial court awarded attorney's fees of $75,054.17 and expenses of $9,183.90, for total fees and expenses of $84,238.07.

liabilities and obligations of Wise Construction LLC" because he failed "to sign contracts and change orders in a representative capacity."[9] The trial court did not grant the equitable subrogation claim of Wells Fargo.[10]

After the Boyds' motion to alter or amend was denied by the trial court, they filed a timely appeal.

## II. ISSUES

The issues raised by the Boyds are restated as follows:

1. Whether the trial court erred in finding that the contractor was Wise Construction, LLC instead of Mr. Wise individually, when Wise Construction, LLC was not named anywhere in the contract and when Mr. Wise signed the contract without designating any representative capacity;

2. Because Mr. Wise individually is the contracting party and is an unlicensed contractor, the court should find that neither Mr. Wise individually nor Wise

---

[9]The Boyds argue that this finding places Mr. Wise and Wise Construction, LLC within the rule of *Danny L. Davis Contractors, Inc. v. Hobbs*, 157 S.W.3d 414 (Tenn. Ct. App. 2004) and would effectively make both unlicensed contractors.

[10]The court noted as follows:

> Crescent knew of the Contractor's lien. Crescent either did not try or was not successful in getting the Contractor to subordinate its lien claim or to release its lien claim. Crescent made the loan despite this knowledge. The Contractor's notice of lien was recorded before the deed of trust securing Crescent was recorded. Clearly, the Contractor's rights would be prejudiced if Wells Fargo's claim was sustained. Crescent clearly was negligent in making the loan if it had to be in first position.

> Further, there is a second reason to deny Wells' Fargo's claim to equitable subrogation. Tennessee Code Annotated § 66-11-104, in effect at the time relevant to this case, states that a contractor's lien "[s]hall relate to and take effect from the time of the visible commencements of operations. . . ."

> There is an issue of whether the contractor had begun visible commencement of construction operations on the Shelter Cove property before Gateway recorded its deed of trust on October 20, 2003. Mr. Boyd stated that the contractor started work on October 1, 2003. . . .

Construction, LLC were entitled to any recovery from the Boyds;

3.   If this court concludes the trial court was in error finding that Wise Construction, LLC was the contracting party, rather than Mr. Wise individually, this court should also address the trial court's erroneous determination that the Boyds' claims under the Tennessee Consumer Protection Act were barred by the applicable statute of limitations and remand the case for a determination of their right to recover under the Act;

4.   The court should find that the Boyds did not wrongfully terminate the contract because Mr. Wise resigned and told them to find someone else to finish the contract due to their dissatisfaction with his performance;

5.   As a remedy for the above errors of the trial court, the Boyds ask that all funds collected by Wise Construction, LLC, by garnishment or otherwise, be refunded to the Boyds; that all court costs paid by the Boyds be refunded; that the court below be directed to enter judgment in favor of the Boyds; that Mr. Wise individually is the only contracting party and is entitled to no further payment since he is an unlicensed contractor and has been paid more than his documented out-of-pocket expenses; that this case be remanded for a hearing on the damages to which the Boyds may be entitled for their claim under the Tennessee Consumer Protection Act; and that all court costs be taxed to Wise Construction, LLC and Mr. Wise individually.

Issues raised by the Contractor are as follows:

1.  Was the trial court's resolution of the factual issue as to the ambiguity on the face of the contract regarding the identity of the Contractor against the weight of the evidence?

2.   Was the trial court's resolution of the factual issue as to the use of the assumed name "Wise Construction" by Wise Construction, LLC against the weight of the evidence?

3.  Was the trial court's resolution of the factual issue that rejected the Boyd's contention there had been a unilateral termination of the contract on the part of the Contractor against the weight of the evidence?

## III. STANDARD OF REVIEW

This matter was tried as a bench trial. On appeal the trial court's findings of fact are reviewed de novo on the record by the appellate court with a presumption the findings are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721 (Tenn. 2001). We give great deference to the trial court's assessment of the credibility of the witnesses and it will not be reassessed unless there is clear and convincing evidence to support a different finding. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997). The review of the trial court's conclusions of law is also conducted de novo, with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006).

## IV. DISCUSSION

### A.

The Boyds do not claim that the construction contract is not an enforceable agreement. Rather, they assert that the key issue in this appeal is who was the actual contractor for the Boyd residence – Wise Construction, LLC or John S. Wise, III, individually? They contend the law holds "Wise Construction" and "John S. Wise, III" are not the same thing as "Wise Construction, LLC."

The Boyds focus on examining only some portions of the contract, in particular, the signature line. They claim it establishes that Mr. Wise individually entered into the construction contract with them. They acknowledge that the contract also contains references to Wise Construction, but urge that this language does not give rise to an ambiguity. The Contractor submits this matter requires a reading of the parties' contract as a whole to determine whether there is any ambiguity in the words used to identify the contractor.

In considering the overall language of the agreement, it is clear that the parties were entering into a particular form of contract to achieve construction of a house. The face of the form defined the contractor and the owner. The form specially provided for the insertion of the contractor's license number. The document indicates two different entities as contractor. This presents an ambiguity.

Parol evidence is ordinarily admissible to establish the identities of the parties to a contract." *Int'l House of Talent, Inc. v. Alabama*, 712 S.W.2d 78, 86 (Tenn. 1986). In this case, the language in the contract is ambiguous and proof is required to establish the identity of the actual contractor.

"The trial judge is required, if the contract is ambiguous, to determine the intention of the parties not alone from the language of the contract but also from the surrounding facts and circumstances." *HMF Trust v. Bankers Trust Co.*, 827 S.W.2d 296, 299 (Tenn. Ct. App. 1991) (citing *National Garage Co. v. George H. McFadden & Bro., Inc.*, 542 S.W.2d 371 (Tenn. Ct. App. 1975). The trial court determined that Mr. Wise signed the contract in a representative capacity. The evidence supports this finding.

In his testimony, Mr. Boyd indicated that he understood Wise Construction was a business name Mr. Wise was using. He then stated that when he was sued by Wise Construction, LLC, he knew Mr. Wise was suing in his company's name because he had made the progress payments to Wise Construction. Therefore, by his own admission, Mr. Boyd acknowledged: (a) he was dealing with Wise Construction, not Mr. Wise; (b) suit against him was by Wise Construction, LLC; (c) Wise Construction was Wise Construction, LLC; and (d) Wise Construction, LLC was his contractor. Further, Mr. Boyd admitted receiving the notice of liens, which, on their face, identify the claimant as Wise Construction, LLC. Additionally, the building permit was taken out by Wise Construction, LLC.

The evidence further reveals that when the alleged termination occurred, Mr. Boyd sent a letter to Mr. Wise at Wise Construction, LLC, seeking copies of two change orders for review. In the conclusion of the letter, he stated: "Once we have reviewed all change orders and the original contract we will determine what, if any, monies are owed to Wise Construction Company." This evidence demonstrates the Boyds knew the contractor was not Mr. Wise individually. While they may not have known the exact name of the entity with which they were dealing, they were aware they were dealing with an entity distinct from Mr. Wise individually.

**B.**

The Boyds also claim that the Contractor violated Tenn. Code Ann. § 48-207-101(a) that requires the use of the words "limited liability company" or the abbreviation "LLC." Therefore, they contend that claiming "Wise Construction" is an effective version of "Wise Construction, LLC" is contrary to the plain language of the statute. Additionally, they note that any corporate entity desiring to use a fictitious or assumed name in addition to the name appearing on its corporate charter is required to register such name with the Tennessee Secretary of State. *See* Tenn. Code Ann. § 48-14-101(d). Likewise, any limited liability company must register an assumed name with the Tennessee Secretary of State for it to be effective. *See* Tenn. Code Ann. 48-207-101(d)(2).

Under Tenn. Code Ann. § 48-207-101(d), an LLC may elect to adopt an assumed

name and it need not contain the "LLC" designation. The statute provides that before transacting business under the assumed name, the LLC shall file an application pursuant to a resolution of the governing body. Failure to make such application may result in a proceeding to administratively dissolve the LLC. *See* Tenn. Code Ann. § 48-245-301. The assumed name adopted by Wise Construction, LLC – Wise Construction – was not registered with the Secretary of State.

In the case of *Kemmons Wilson, Inc. v. Allied Bank of Texas*, 836 S.W.2d 104 (Tenn. Ct. App. 1992), the defendant raised the capacity of the plaintiff to sue for breach of contract because the contract identified the party as Kemmons Wilson Companies. The contract was governed by Texas law which, like Tennessee, required filing of assumed name certificates with the secretary of state. Unlike Tennessee, Texas law provided that failure to comply with the statutory provisions relating to an assumed name, while not impairing the validity of a contract made in the assumed name, would prohibit maintaining an action on the contract in Texas courts. We found the lack of registration did not bar the corporation from bringing its lawsuit in Tennessee based upon a contract made in its assumed name. The argument that Kemmons Wilson Companies did not represent an existing legal entity was rejected. The lack of registration of the assumed name did not appear to affect the legal rights of the entity.[11]

A failure to adhere to licensing regulations may subject a licensee to disciplinary action. However, we do not find that the violation before us would affect the legal rights under the contract at issue.

## C.

The Boyds further submit that Mr. Wise manifested "an intention to abandon the contract" and "to no longer be bound by the contract." They assert that they did not wrongfully terminate the contract because Mr. Wise resigned and invited them to find someone else to finish the contract due to their dissatisfaction with his performance. They contend Mr. Wise's statement to "find someone else to finish the job" constituted the first breach.

---

[11]This case follows similar holdings of other cases in Tennessee where the assumed or misnomer of a name arose. *Lees v. Hickory Pointe L.P.*, 1996 WL 82682 (Tenn. Ct. App. 1996); *Kelso Oil Co., Inc. v. East West Truck Stop, Inc.*, 102 S.W.3d 655 (Tenn. Ct. App. 2002).

The trial court rejected this argument, placing heavy reliance on *Carter v. Krueger*, 916 S.W.2d 92 (Tenn. Ct. App. 1995). In *Carter*, this court announced that notice and a reasonable opportunity to cure defects in the performance of a contract is a sound principle. *Id.* at 93. Such allows the party the opportunity "to repair the defective work, to reduce the damages, to avoid additional defective performance, and to promote the informal settlement of disputes." *Id.* (citations omitted.) Requiring a party to a contract to give notice to the defaulting party and a reasonable opportunity to cure defective work is sound, and the failure to do so may preclude a complaining party from recovering damages. *Custom Built Homes by Ed Harris v. McNamara*, No. M2004-02703-COA-R3-CV, 2006 WL 3613583, at *5.

The trial court is in the best position to evaluate the evidence, judge the credibility of the witnesses, and determine the true reason for and cause of the demise of the parties' relationship. The trial court is "able to observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility." *Harley v. Harrison*, No. M2005-02099-COA-R3-CV, 2006 WL 2644372, at *3 (Tenn. Ct. App. Sept. 13, 2006) (citing *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990)) (other citations omitted). Accordingly, we do "not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary." *Harley*, 2006 WL 2644372, at *3 (citing *Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315, 316 (Tenn. 1987)) (other citations omitted).

The contract involved in this matter was significantly (arguably 90%) completed when the dispute between the parties occurred. The evidence of record raises questions whether the Boyds were in a tight cash flow situation in the beginning of 2005. It appears that they had exhausted most of their construction funds and were forced to obtain additional money from a lender secured by property other than the house under construction (which had undergone two appraisals by the construction lender to allow it to lend $622,000 initially and then, one year later, raise that loan to $751,500). The date the Boyds obtained the additional funds coincided with the date the disagreement arose between the Contractor and the homeowners. The items necessary to complete the project would have to be paid by the Boyds and were proving to be very expensive. The Contractor was pressing Mr. Boyd for answers and to receive payment. Unfortunately, during the course of a phone conversation with Mr. Boyd, Mr. Wise uttered: "if you're that unhappy with me, why don't you just pay me what you owe me and get someone else to finish the job. I don't know what else I can do. If you want something done, tell me, and we'll take care of it." The Contractor opines that the statement was viewed as a resignation to allow the Boyds a respite from the construction costs. According to the Contractor however, he was not abandoning the contract or refusing to be bound by it.

After examining the conflicting testimony provided by the parties, the trial court found that the Contractor had not breached the contract. The trial court was in the best position to weigh the testimony of the parties; the evidence of record does not preponderate against the trial court's findings. As the Contractor in this case had not abandoned the contract, the Boyds were not relieved of the requirement to afford the Contractor the opportunity to cure. *See Brady v. Oliver*, 147 S.W. 1135, 1138 (Tenn. 1911) (holding that where one party to a contract announces in advance his intention not to perform, the other party may treat the contract as broken, and sue at once for the breach).

Because we have found that the trial court did not err in finding that Wise Construction, LLC was the contracting party, the remaining issues presented by the parties need not be addressed and are therefore pretermitted.

## V. CONCLUSION

The judgment of the trial court is affirmed and this cause is remanded for collection of costs below. The costs on appeal are assessed against the appellants, Tom Boyd and Lori Boyd.

_____
JOHN W. McCLARTY, JUDGE